———o———

LUTHER BEECHER v. THE MARQUETTE & PACIFIC ROLLING MILL COMPANY ET AL.

*Receiver in foreclosure.*

An order denying the appointment of a receiver in a foreclosure suit is interlocutory and not appealable.

If a mortgager's default is not admitted, it cannot be determined upon a motion to appoint a receiver in a foreclosure suit against him.

A mortgagee is excluded from possession until he acquires absolute title. Comp. L., § 6263. Whether or not a clause in the mortgage, giving him possession in case of default, can be carried into effect, in view of this provision, by appointing a receiver in foreclosure, it certainly cannot be done until after default, and it would even then be a matter of discretion.

An order allowing a bill of review is interlocutory and not appealable.

An order denying leave to file a bill of review is final.

Appeal from Marquette. Submitted January 16. Decided January 28.

FORECLOSURE. Complainant appeals from an order denying the appointment of a receiver of the mortgaged property.

*F. A. Baker* and *J. P. Whittemore* for complainant and appellant.

*Maynard & Swan* for defendant and appellee.

MARSTON, J. This is an appeal from an order of the circuit court of Marquette county in chancery denying a motion made for the appointment of a receiver in a mortgage foreclosure case. The order appealed from is interlocutory and not final. In the brief of counsel it is said to be final, because the complainant has a clear legal right to the rents and profits which may accrue pending this controversy to be applied towards the payment of his debts, and that the order denying the receiver cuts off this right. This claim of right to the rents and profits grows out of a clause in the mortgage, which, in case of default, gives the party of the second part, either in person or by an attorney or other agency the right to take possession and operate the works and mines or cause them to be operated. Even should we admit that this clause, under our statute, as construed in *Wagar v.*

*Stone,* 36 Mich., 364, could be carried into effect by the appointment of a receiver, yet it could only be done after default, and unless this were admitted by the mortgagor and parties defendant, we do not see how the court could, upon a motion, as in this case, determine that question.   Whether there has been a default or not which would entitle the mortgagee to possession, may be the very question in issue, and the only one of any importance upon the final hearing, and the court should not anticipate and determine that question upon motion in this way.

It may admit of some question whether parties can enter into agreements, and afterwards come into court and ask assistance in carrying them out in violation of a statute of the State.   Courts usually enforce agreements when in accordance with, and not in violation of, the well settled statutory policy of the State.   But even if we give to this clause in the mortgage all the force and effect claimed for it, yet it was a matter entirely within the discretion of the court as to whether a receiver should or not be appointed.   Had a receiver been appointed, this would have made a change in the possession of the property mortgaged, by taking it out of the hands of the mortgagors, and from such an order they could have appealed.   The refusal to appoint makes no change, but leaves everything as it stood at the time the bill was filed, and to be passed upon by the court on final hearing.   And if the complainant is of right entitled to have a receiver appointed, the refusal in the present case would not prevent another application upon another showing which the court might deem sufficient.   We have held that an order allowing a bill of review to be filed was not appealable; that it did not finally dispose of any right (*Mansfield v. Freeman,* 39 Mich.), while an order denying leave to file a bill of review was final and appealable.   *Scriven v. Hush,* 39 Mich.

In this case the court in the exercise of a sound dis-

cretion, and because the showing was deemed insufficient, may have denied the motion.

The appeal must be dismissed with costs.

The other Justices concurred.