[Sac. No. 1089.  In Bank.—September 15, 1904.]

## BANK OF WOODLAND, Respondent, v. J. J. STEPHENS, Administrator, etc., Appellant; and W. N. YORK, Administrator, etc., et al., Respondents.

FORECLOSURE OF MORTGAGE—RECEIVER—STIPULATION IN MORTGAGE FOR APPOINTMENT—JURISDICTION.—In an action to foreclose a mortgage, jurisdiction of the court to appoint a receiver cannot be conferred merely by a stipulation in the mortgage, in the absence of facts showing that the property is insufficient to pay the debt.

ID.—ERRONEOUS DECREE—INSUFFICIENT COMPLAINT.—Where the complaint was insufficient to justify the appointment of a receiver pending the action, the court has no power to continue him in office after the making of the final decree, and the portion of the decree purporting so to continue the receiver is erroneous, and must be reversed.

ID.—PLEADING—GENERAL AVERMENT—CONCLUSION—FACTS TO BE AVERRED.—A general statement in the complaint that "the mortgaged premises are insufficient to pay and discharge the mortgage debt" is of a mere conclusion, and insufficient to justify the appointment of a receiver. Facts must be stated showing that the actual value of the premises is less than the debt secured, with interest and costs, and that resort to the rents and profits is necessary.

ID.—MORTGAGE ON HOMESTEAD—EXCESS OF VALUE—APPORTIONMENT TO WIDOW—PRESENTATION OF CLAIM.—A mortgage on a homestead exceeding five thousand dollars in value need not be presented as a claim against the estate of the deceased mortgagor in order to enforce the mortgage against the excess. The rule requiring such presentation does not apply to a probate homestead; and where a part of the mortgaged premises was apportioned to the widow, the mortgage may, without presentation, be foreclosed as against the remaining part.

APPEAL from a judgment of the Superior Court of Yolo County.  E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, Arthur C. Huston, Harry L. Huston, North & Lovejoy, and H. G. W. Dinkelspiel, for Appellant.

N. A. Hawkins, for Bank of Woodland, Respondent.

Phil Bruton, for Defendants, Respondents.

SHAW, J.—Upon a further consideration of this case we adhere to the opinion heretofore rendered in Department One. It is proper to state further that there is an allegation in the complaint that "the mortgaged premises are insufficient to pay and discharge the mortgage debt," and the court finds that this allegation is true. On the authority of *Scott* v. *Hotchkiss*, 115 Cal. 94, it is claimed that this is a sufficient statement to uphold the part of the decree continuing the receivership. An inspection of the transcript in that case shows that there was in the complaint there under consideration a similar allegation. The entire discussion of the point in the opinion is as follows: "No stipulation can confer jurisdiction upon the court to appoint a receiver in a case where the court has no such authority given by law. It is not necessary to decide the matter in this case, however, because there is an averment that the security is insufficient." It is obvious that the subject of the sufficiency of such an averment as an allegation of fact was not fully considered in that case.

Such a statement is no more than a conclusion. It is no better than the statement sometimes contained in a complaint for an injunction, that if the acts threatened are committed "the plaintiff will suffer irreparable injury which cannot be compensated in damages." This is always held insufficient to authorize or support an injunction. The same rule should be applied here. The appointment of a receiver involves the taking of the defendant's property from his possession—a measure more violent and drastic than an injunction. It should never be allowed in cases of mortgage foreclosure, except upon a statement of facts showing that the actual value of the mortgaged premises is less than the debt secured, with interest and costs, and that resort to the rents and profits is necessary.

Subdivision 2 of section 564 of the Code of Civil Procedure states the various conclusions which must be made by the court before it can appoint a receiver in foreclosure suits. The complaint or affidavit on which the application for a receiver is based must state facts which support one or more of these conclusions. It is not enough to state the conclusions alone. The value must be alleged. A mere averment that its value is insufficient or that the premises are insufficient will

not do. Allegations of this character may be sufficient to uphold an order where the attack is collateral, but this cannot be allowed where, as in this case, there is a direct attack upon appeal. We do not think *Scott* v. *Hotchkiss*, 115 Cal. 94, should be considered as holding such an allegation sufficient in form.

It is ordered that the decree be modified by striking out the part thereof relating to the continuance of the receiver in his office after the final decree, and that as so modified the judgment be affirmed.

Henshaw, J., Lorigan, J., Angellotti, J., Van Dyke, J., and McFarland, J., concurred.

BEATTY, C. J.—I dissent. The allegation of insufficient value in *Scott* v. *Hotchkiss* was less precise and less positive than the allegation in this complaint, yet it was held sufficient in form and in substance to warrant the appointment of a receiver. That decision made a precedent which this plaintiff has followed, and it ought to protect him.

The following is the opinion rendered in Department One, October 17, 1903, which is approved by the court in Bank:—

SHAW, J.—This is an appeal by J. J. Stephens, as administrator of the estate of M. R. York, deceased, from a judgment foreclosing a mortgage executed by M. R. York and Susan F. York in their lifetime. The case is presented upon the judgment-roll alone.

1. The mortgage contains a covenant that upon the filing of a complaint to foreclose the same the plaintiff would be entitled to have a receiver appointed to take possession of and lease the premises, collect the rents, and hold the same as security for the debt secured. The complaint in the action avers this covenant, but contains no showing that the property is insufficient to pay the debt. Upon this complaint an application was made to the court for a receiver, which was granted, and a receiver appointed, who took charge of the property accordingly. The decree appealed from provides that the receiver theretofore appointed should continue to act as receiver and receive from the tenant in possession the rents and profits until a sale and redemption, and hold the same as

security for the debt. The appellant objects to this portion of the decree upon the ground that the court did not have jurisdiction under the facts of the complaint to appoint a receiver, and, therefore, that it had no power to continue him in office after the making of the final decree. This contention must be sustained. In the cases of *Scott* v. *Hotchkiss,* 115 Cal. 94, and *Baker* v. *Varney,* 129 Cal. 565,[1] it was decided by this court that jurisdiction to appoint a receiver could not be conferred by a stipulation of the character here in issue, and that, notwithstanding the stipulation, the party who desired a receiver must state facts sufficient to show that the premises mortgaged are probably insufficient to pay the mortgage debt, with interest and costs, as provided in section 564 of the Code of Civil Procedure. Upon the authority of those cases, which we fully approve, we hold that the part of the decree referred to is erroneous.

2. The mortgagors were husband and wife, and the property described in the mortgage was community property. Prior to the execution of the mortgage, the property was duly selected as a homestead by the mortgagors. Upon the death of M. R. York, the husband, an administrator was duly appointed, and thereafter an inventory was returned in the estate, showing that the homestead property was of the value of fifteen thousand dollars. Upon the return of the inventory, proceedings were taken under sections 1476 to 1486, inclusive, of the Code of Civil Procedure, whereby the said homestead premises were admeasured, and a portion thereof, consisting of one hundred acres, was set apart to Susan F. York, as the widow of said M. R. York, as a homestead, leaving the remaining two hundred and twenty acres of the mortgaged premises from that time forward free from the homestead character. The mortgagee did not at any time present his mortgage debt as a claim to the administrator of the estate of M. R. York for allowance. The court found these facts, and gave a decree refusing a foreclosure as to the one hundred acres set off as a homestead, but decreeing foreclosure upon the remaining part of the premises.

Upon these facts the appellant contends that the decree is erroneous upon the ground that the entire property at the death of the deceased was a homestead, and that the mortgage

[1] 79 Am. St. Rep. 140.

cannot be enforced unless a claim therefor had been duly presented to the administrator for allowance. The general proposition that a mortgage upon the homestead cannot be enforced unless a claim therefor had been duly presented to the administrator has been settled ever since the case of *Camp* v. *Grider,* 62 Cal. 20. (See, also, *Wise* v. *Williams,* 72 Cal. 547; *Bollinger* v. *Manning,* 79 Cal. 11; *Building Assn.* v. *King,* 83 Cal. 442; *Hearn* v. *Kennedy,* 85 Cal. 57; *Rosenberg* v. *Ford,* 85 Cal. 612; *Perkins* v. *Onyett,* 86 Cal. 350.) But we are of the opinion that this rule applies execlusively to the property described in the mortgage, which is impressed with the character of homestead. At an early date in this state it was held that the homestead character applied only to so much of the property as did not exceed five thousand dollars in value. In *Gregg* v. *Bostwick,* 33 Cal. 228,[1] the court say: "If what is actually used as a homestead is of greater value than five thousand dollars the excess is not homestead under the statute, though so in fact." In *Estate of Delaney,* 37 Cal. 180, the court says: "At its inception it is limited to five thousand dollars in value, and when the property is enhanced in value, so that it exceeds the statutory limit, the excess does not constitute a part of the statutory homestead. After the premises are worth five thousand dollars, every increase in value works a reduction in the area of the homestead." In the latter case, the court held that, under section 121 of the Probate Act, as amended in 1868, which required the court to set off to the survivor the homestead selected under the General Homestead Law, but did not contain any provision for determining the area of the homestead, where the selected premises exceeded five thousand dollars in value, it was the duty of the court nevertheless to ascertain the amount of land necessary to make up the value of the exemption, and set off that amount alone as the homestead. It is the homestead only which is exempt from execution and forced sale. With regard to sales on execution during the lifetime of the homestead claimants, the process by which the excess can be reached by the creditor is prescribed by the Civil Code (secs. 1245 to 1259, inclusive). Where, upon the death of the homestead claimant, the inventory shows that the premises claimed exceeded five thousand dollars in value,

[1] 91 Am. Dec. 637.

the method of determining what part is homestead and what part is subject to the debts of the deceased is prescribed by sections 1476 et seq. of the Code of Civil Procedure, which sections were followed in this case. The effect of this procedure was, that the portion not set off to the widow was then ascertained to be no part of the homestead, and it thereupon became subject to all debts of the deceased, including the mortgage in question. The rule which requires a mortgage upon the homestead to be presented to the administrator as a claim is based upon the provisions of section 1475 of the Code of Civil Procedure, and is limited to cases in which the homestead does not exceed five thousand dollars in value, or in which the mortgagee seeks to proceed in foreclosure of his mortgage against the property which is eventually set off as a homestead, where the premises described in the homestead declaration exceed five thousand dollars. It does not apply at all to a probate homestead. (*McGahey* v. *Forest,* 109 Cal. 68.) The purpose of the provision, as stated in the leading case on the subject, *Camp* v. *Grider,* 62 Cal. 20, is to preserve the homestead to the parties entitled thereto, if possible. It was not intended to have any application whatever to lands which, by the proceedings prescribed in that chapter of the code, were eventually determined not to be a homestead, and there is no reason why it should be construed to apply to such land. We are of the opinion that it was not necessary for the mortgagee in this case to present his claim to the administrator as a condition precedent to his right to foreclose the mortgage on the excess.

For the reasons herein stated it is ordered that the decree be modified by striking therefrom the provisions relating to the continuance of the receiver in his office subsequent to the final decree, and that, as so modified, the judgment be affirmed.

Angellotti, J., and Van Dyke, J., concurred.