# UNITED STATES MORTGAGE & TRUST COMPANY COMPANY

*v.*

## CENTRAL SAN CRISTOBAL.

San Juan, Equity, No. 947.

ON APPOINTMENT OF RECEIVER.

Receiver—Two Receiverships.

1. Where it becomes proper to have a receivership in two suits for substantially the same property, the same receiver will be used if possible, and his powers extended from one suit to the other.

Receivership—Expenses.

2. Where there is little to do except the actual winding up, the receiver will be instructed to cut down all unnecessary expenses.

Opinion filed July 20, 1914.

*Mr. J. Henri Brown* for complainant.

VII. Porto Rico—15.

United States Mortgage & T. Co. v. Central San Cristobal.

*Mr. Louis Banigan* of counsel.

*Mr. Chas. Hartzell* for receiver.

*Mr. H. G. Molina* for Welch & Company.

HAMILTON, Judge, delivered the following opinion:

This comes up on a motion to the court to appoint a receiver, and this motion is complicated by the fact that there is already a receivership pending of this property in another suit in this court, one that has been on the docket for a year. There is under the amendment now made no opposition to the present receiver, and so the court will consider the propriety of extending his powers.

1. The usual practice is that where there is a receivership of a piece of property,—this has rarely come up as to railroad property, but the principle would certainly apply in other cases, —the same receiver's powers are extended so as to make him a receiver as to the other matter also. This generally arises where there is a cross complaint in the same suit, but there can be no objection in principle to appointing the same receiver in a different suit. Otherwise there would be a conflict of receivers. This principle is found in Wabash, St. L. & P. R. Co. v. Central Trust Co. 22 Fed. 272; also in Bank of Woodland v. Stephens, 144 Cal. 659, 79 Pac. 379; 27 Cyc. 1627; and Lloyd v. Chesapeake, O. & S. W. R. Co. 65 Fed. 351. So it would look as if that would be the proper procedure to follow, and now that there seems to be no objection raised in this suit to the receiver in the other suit, the court will grant

United States Mortgage & T. Co. v. Central San Cristobal.

the motion and do so by appointing Mr. O'Neil receiver in this case of the United States Mortg. & T. Co. v. Central San Cristobal. He will please qualify accordingly.

2. I might add in another branch of this case that in the case of Welch & Co. v. Central San Cristobal it would seem as if there is very little to do except the actual winding up of the receivership, and, while I will made no order on the subject, I would be glad if the receiver would proceed along that line by cutting down all unnecessary expenses, making up his final report, etc. If he should file a final report during the next sixty days,—I do not direct him to do it, but I would be glad if he finds it possible,—an order is now entered that that report when filed is referred to the master.