(No. 4383.    March 31, 1927.)

## NORTHWESTERN & PACIFIC HYPOTHEEK BANK (NORTHWESTERN & PACIFIC MORTGAGE COMPANY), a Corporation, Appellant, v. WILLIAM S. DALTON et al., Respondents.

[256 Pac. 93.]

MORTGAGES—FORECLOSURE—APPOINTMENT OF RECEIVER—WHEN AUTHORIZED.

1. That mortgaged property is probably insufficient to discharge the mortgage debt, so as to authorize appointment, under C. S., sec. 6817, subd. 2, of receiver in foreclosure action, *held* not shown by the affidavit.

2. Taxes, construction and maintenance charges of reclamation service, and other such items coming due after foreclosure sale are not part of mortgage debt, within C. S., sec. 6817, subd. 2, authorizing appointment of receiver in mortgage foreclosure action where it appears that the property is probably insufficient to discharge the mortgage debt.

3. Jurisdiction to appoint a receiver cannot be conferred on a court by stipulation or consent of the parties.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County.    Hon. T. Bailey Lee, Judge.

Application for appointment of receiver; application denied, and temporary injunction dissolved.    *Affirmed.*

Publisher's Note.

1. Discretion of court as to appointment of receiver for rents and profits of mortgaged property, see note in 4 **A. L. R.** 1425. Mortgagee's right to receiver, see note in 26 **A. L. R.** 33.

3. Provision in mortgage authorizing appointment of receiver for rents and profits, see note in 4 **A. L. R.** 1415. See, also, 19 **R. C. L.** 562.

See Mortgages, 27 **Cyc.**, p. 1623, n. 91, p. 1624, n. 92, 96, p. 1628, n. 24.

Receivers, 34 **Cyc.**, p. 19, n. 31, p. 106, n. 5, p. 111, n. 38, 39.

R. B. Smith, E. D. Reynolds and Sweeley & Sweeley, for Appellant, cite no authorities on points decided.

S. T. Lowe, for Respondents, files no brief.

BUDGE, J.—Appellant made application in the district court of the eleventh judicial district for the appointment of a receiver to take full charge, control and management of certain premises which had been mortgaged to appellant and which it had purchased on foreclosure sale. The property was bid in on August 10, 1923, and the application was filed November 13th thereafter. The application was in the form of an affidavit, and alleged the execution and delivery of a note and real estate mortgage to appellant by respondent W. S. Dalton, the commencement of an action in foreclosure by appellant and entry of judgment in its favor and purchase of the lands and premises by it for the amount of the judgment, with interest and costs; that respondent W. S. Dalton entered into certain agreements with three other persons whereby said persons were to farm the premises and to deliver to Dalton certain portions of the crops raised during the year 1923, and that said persons, together with Dalton, were scheming and conspiring to convert to their own use the share of the crop belonging to Dalton, and were threatening to get control of the farm during the year 1924 in such a manner as to cheat and defraud appellant of any part of the rents and profits from said premises during the year 1924; that the crops for the year 1923 had been harvested and the shares thereof due to Dalton were ready for delivery; that Dalton had neglected and refused to pay construction and maintenance charges of the U. S. reclamation service, and taxes, against the property, and that appellant paid the same; that other sums were due as construction, operation and maintenance charges which, if not paid, might result in cancelation of the water right appurtenant to said lands, to appellant's great and irreparable injury; that the reasonable market

6

value of said lands did not exceed the sum of $10,828.33; that appellant had received offers for rental of said lands during 1924, but that there were no ordinary agricultural crops produced in the section where the lands in question are situated which mature and become ready for harvesting prior to August 10th of any year, and that by reason of the year of redemption expiring August 10, 1924, appellant was not in position to make a lease agreement for the year 1924. An order was prayed for requiring W. S. Dalton and the parties with whom he had the lease agreements to show cause why an injunction should not issue restraining them from disposing of the rents and profits arising from the operation of the property subsequent to August 10, 1923, and that said persons be temporarily restrained from disposing of said crops or any part thereof until the date of hearing, and that they be required to account for and to pay over to appellant a proportionate part of the rents and profits arising from the operation of the premises; and that a receiver be appointed to take charge, control and management of the premises and the crops grown thereon during the year 1923, with full power to lease, operate, farm and manage the same until redemption or the expiration of the time for redemption, and to apply the proceeds therefrom to the payment of taxes and maintenance, operation and construction charges against the property, and interest accruing on appellant's debt.

A temporary restraining order was issued, and affidavits in opposition to the appointment of a receiver and for dissolution of the temporary injunction were filed by respondent W. S. Dalton and others. From these affidavits it appears that most of the crops for the year 1923 had been harvested and the proceeds distributed; that it was contemplated W. S. Dalton would personally occupy and use the premises during the year 1924, and that a chattel mortgage had been made by said Dalton covering his interest in and to the crops produced during 1923. It was denied that there was any scheme or conspiracy to convert to their own use, by Dalton or any of the persons

with whom he had the lease agreements, any share of the crop belonging to Dalton.

After a hearing before it, the court denied the application for appointment of a receiver and ordered the dissolution of the temporary restraining order. The trial court's action in thus disposing of the cause is assigned as error upon appeal.

[1, 2] Appellant bases its application for the appointment of a receiver, in part, upon the provisions of C. S., sec. 6817, and particularly subdivision 2 thereof, which provides:

"A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof: . . . .

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and *that the property is probably insufficient to discharge the mortgage debt.*"

Appellant seeks to bring itself within the italicized portion of the section above quoted by alleging in its affidavit "that the reasonable market value of said lands and premises does not exceed the sum of $10,828.33." This is not a showing "that the property is probably insufficient to discharge the mortgage debt," since it appears from the record that the amount of the mortgage debt at the time the property was disposed of on execution sale, including principal, interest, taxes, operation, maintenance and construction charges paid by appellant, attorney's fees, costs of suit, sheriff's costs and expenses and commissions of said sale, amounted to $10,828.33, for which sum the property was bid in by appellant. Appellant's allegation is then, simply, that the reasonable market value of the lands and premises does not *exceed* the sum of the mortgage debt at the time of the execution sale, including all the items above mentioned; whereas it would be required, under

the statute, to make sufficient allegations of fact showing "that the property is probably *insufficient* to discharge the mortgage debt." But, as stated, it is shown by appellant's own allegation that the property is *sufficient* to discharge the mortgage debt. The allegation is, therefore, wholly inadequate in so far as it attempts to comply with the provisions of the statute in this respect.

"To authorize the appointment there should be in the complaint or affidavit a statement of facts showing that the actual value of the mortgaged premises is less than the debt secured with interest and costs, and that a resort to the rents and profits is necessary. A mere averment that the value of the property is insufficient or that the premises are insufficient is not enough . . . .

"The power to appoint a receiver is very largely in the discretion of the trial court, and an appellate court will not interfere with the exercise of such discretion except in cases of palpable abuse." (18 Cal. Jur. 301.)

In *Bank of Woodland v. Stephens,* 144 Cal. 659, 79 Pac. 379, it was held that the party who desired a receiver must state facts sufficient to show that the premises mortgaged are probably insufficient to pay the mortgage debt, with interest and costs, as provided in Cal. Code Civ. Proc., sec. 564, similar to sec. 6817, *supra.* (See, also, *Title Ins. & Trust Co. v. California Development Co.,* 164 Cal. 58, 127 Pac. 502.)

Taxes, construction and maintenance charges of the reclamation service, and other such sums coming due after the foreclosure sale, are not a part of the mortgage debt. The purchaser is expressly indemnified by C. S., sec. 6938, and entitled to receive the rents of the property sold, or the value of the use and occupation thereof, from the time of the sale until a redemption of the property.

[3] Coming now to the second point urged by appellant as a reason for the granting of its application for the appointment of a receiver, attention is called to the fact that the mortgage provides:

"That in case of an action being commenced to fore-close this mortgage under any of its provisions, on filing the complaint for such foreclosure, or at any time there-after, upon motion of the plaintiff therein, a Receiver shall be appointed to take charge of the mortgaged premises at once and to hold possession of the same, both before and after the entering of the decree of foreclosure therein, and until the title to said property is vested in the pur-chaser thereof, under and pursuant to such decree of foreclosure. . . . . "

The rule is well settled that jurisdiction to appoint a receiver cannot be conferred on a court by stipulation or consent of the parties. The right must exist under the law independent of the stipulation, and grounds justifying the appointment must be sufficiently alleged, in order to confer jurisdiction. (*Lewis v. Shaw,* 77 Cal. App. 99, 246 Pac. 86; *Baker v. Varney,* 129 Cal. 564, 79 Am. St. 140, 62 Pac. 100; *Scott v. Hotchkiss,* 115 Cal. 89, 47 Pac. 45; *Garretson Inv. Co. v. Arndt,* 144 Cal. 64, 77 Pac. 770; *Bank of Woodland v. Stephens, supra.*)

In determining the questions involved in this appeal we have received no assistance from respondent. No brief has been filed and no suggestion made in any form. In such circumstances it becomes necessary for the court to spend a great deal of time in research, and perform labor that should not be imposed upon it, in an effort to ascertain the correct principles of law to be applied in arriving at a proper determination of the questions presented.

We have reached the conclusion, under the facts in this case, that the trial court did not err in refusing to appoint a receiver and in dissolving the temporary injunction. Affirmed. No costs awarded.

Wm. E. Lee, C. J., and Givens, J., concur.

TAYLOR, J., Concurring Specially.—I concur in the result. On the evidence the court did not abuse its discre-tion in dissolving the temporary restraining order. By the

lapse of time, the receivership matter has become moot, and a further discussion should have been unnecessary. I cannot concur in the necessity of holding "that jurisdiction to appoint a receiver cannot be conferred on a court by stipulation or consent of the parties," or that the stipulation herein conferred jurisdiction, or that the rule stated is "well settled," or that the citation of California authorities alone settles the rule.

The appellant and the decision lose sight of the fact that after sale the appellant is no longer mortgagee, and such stipulation cannot take the place of the statutory provisions for appointment of a receiver or restraint of waste after a sale.

The decision, however, purports to decide that a receiver may not be appointed in a mortgage foreclosure upon the stipulation involved, whereas the foreclosure was complete and a sale had been had, and the rights of a purchaser (chancing here to be the mortgagee) are to be gauged by the law applicable to purchasers at judicial sales and redemption, and not under mortgage foreclosures.

The full context of the stipulation is not quoted in the decision. The mortgage further provided, immediately following the quoted portion:

" . . . . And all rents and profits derived from such premises shall be applied, after payment of the costs and expenses of such receivership, including costs and expenses of caring for and protecting said property and collecting of such rents and profits, first: towards the payment of all taxes or assessments imposed upon said premises; and, second, toward the debt secured hereby."

Stipulations not distinguishable from this one have been held to create a lien upon the rents and profits, and even to authorize the appointment of a receiver, regardless of the insolvency of the mortgagor (*Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76, 64 N. E. 1085; *Cullen v. Minnesota Loan & Trust Co.,* 60 Minn. 6, 61 N. W. 818; 2 Jones on Mortgages, 7th ed., sec. 771), and as an agreement to surrender possession (*Michigan Trust Co. v. Lansing Lum-*

*ber Co.*, 103 Mich. 392, 61 N. W. 668.   See, also, 1 Tardy's Smith on Receivers, 2d ed., sec. 245.)

Clark's Law of Receivers, vol. 1, sec. 157, ascribes the position of California and Michigan to a statute in those states prohibiting mortgagees from taking possession, yet Michigan has held that a receiver may be appointed under a stipulation.   (1 Clark's Law of Receivers, sec. 162; *Beecher v. Marquette & Pacific R. M. Co.*, 40 Mich. 307; *Michigan Trust Co. v. Lansing Lumber Co., supra.*)

California itself has been none too consistent or unwavering in the interpretation or application of the rule referred to.   In *McLane v. Placerville & S. V. R. Co.*, 66 Cal. 606, 6 Pac. 748, which is hardly distinguishable from a mortgage foreclosure, the court, although holding that the action was not one to foreclose a mortgage, enforced similar provisions upon the theory that the suit was one "brought to enforce the specific execution of the terms and stipulations of a mortgage, by which, on the happening of a specific event, the trustees, or the survivor of them, are entitled to take possession of the property mortgaged, hold it, receive and collect the income and profits arising from it, and apply such income and profits as are stated above."

The court therein held that the lower court did not err in appointing the trustee receiver, saying:

"This is so clearly within the province of a court of equity, that we can see no reason to doubt its power, or the regularity of the proceeding.   It comes within the provisions of section 564, subdivision 6, of the Code of Civil Procedure, authorizing such appointments, where receivers have heretofore been appointed by the usages of courts of equity."

The subdivision referred to is the same as C. S., sec. 6817, subd. 6.   In support of its position, the California court cited: *Shepley v. Atlantic & St. Lawrence R. R. Co.*, 55 Me. 395; *Shaw v. Norfolk County R. Co.*, 5 Gray (Mass.), 162; *American Bridge Co. v. Heidelbach*, 94 U. S. 798, 24 L. ed. 144; *Gilman v. Illinois Tel. Co.*, 91 U. S. 603, 23 L. ed. 405; *Andrews v. Scotton*, 2 Bland (Md.), 629, 665. Turning to those cases, we find the rulings therein such

as would support the appointment of a receiver in this instance, as stipulated for, upon the breach of conditions of the mortgage, up to the time of foreclosure and sale. (See, also, *Sacramento & Placerville R. Co. v. Superior Court,* 55 Cal. 453.)

The supreme court of Michigan, in *Union Trust Co. v. Charlotte General Electric Co.,* 152 Mich. 568, 116 N. W. 379, although again citing the rule referred to, and the estab-, lished policy of that state to prohibit a mortgagee securing possession of mortgaged property, reiterates that it is "within the power of the parties to stipulate that such possession and management of the business may precede foreclosure, and that in such case a court of equity may enforce specifically such an engagement," citing in its support: *Shepley v. Atlantic & St. Lawrence R. R. Co., supra; Shaw v. Norfolk County R. Co., supra; Sacramento & Placerville R. Co. v. Superior Court, supra; McLane v. Placerville & S. V. R. Co., supra; Rice v. St. Paul & Pacific R. Co.,* 24 Minn. 464.

I object to the court going out of its way to decide a moot question, but I more strenuously contend that if it is to do so, the question should be correctly decided upon a correct assumption that the receivership was properly denied because not supported by facts, and because the stipulation, although in my opinion capable of supporting the appointment of a receiver before the sale, cannot be imported into and support a case wherein the receiver is sought to be appointed after sale, and in any event that the court did not abuse its discretion.

Another question squarely presented was the contention that the facts with relation to the acts of the mortgagor constituted waste, and that appellant was entitled to an injunction under C. S., sec. 6937, against waste committed during the period of redemption. This point, although vital, and, if decided in favor of appellant, sufficient to have sustained an injunction, is not decided at all. Courts have decided that the acts complained of constitute the commission of waste (*Cullen v. Minnesota Loan & Trust Co.,*

*supra*), and entitle a purchaser to an injunction during the period of redemption, under similar statutes. (1 Tardy's Smith on Receivers, 2d ed., sec. 243.),

Petition for rehearing denied.