### C. B. KEOGH MANUF'G CO. *v.* WHISTON.

*(Supreme Court, Special Term, New York County.* February, 1891.)

MORTGAGES—FORECLOSURE—APPOINTMENT OF RECEIVER.

   A receiver of mortgaged property will be appointed on the application of the mortgagee, pending an action of foreclosure, where the mortgage contains a stipulation for such appointment in case of default, and where it further appears that the mortgage sought to be foreclosed is a second mortgage, 'that the persons in possession of the premises receive the rents, but refuse to apply them for the benefit of the property, and that the interest on the first mortgage, as well as the taxes and assessments on the property, are unpaid.

Mortgage foreclosure by the C. B. Keogh Manufacturing Company against John Whiston and others. Plaintiff moves that a receiver of the mortgaged property be appointed.

   *Myndert A. Vosburgh,* for plaintiff. *George W. Carr,* for defendant.

INGRAHAM, J. Although a court of equity will not enforce a provision in a mortgage which provides for the appointment of a receiver when, under all the circumstances, it is inequitable to take the property out of the owner's possession pending an action to foreclose the mortgage, the fact that the parties have agreed that, in case of a default, a receiver shall be appointed, should have weight when an application for a receiver is made. When such a provision is contained in a mortgage, and it further appears that the mortgage sought to be foreclosed is a second mortgage, that the parties in possession of the premises refuse to pay the interest on the first mortgage, and the taxes and assessments on the property, but receive the rents, and refuse to apply them for the benefit of the property, the appointment of a receiver becomes necessary for the protection of the mortgagor, and equity requires that the agreement should be specifically enforced. The motion for a receiver is therefore granted and receiver appointed. As to the application of the defendant to be allowed to answer, I am very doubtful whether the defense set up in the proposed answer is good, but, under the circumstances, I will allow the defendant to answer on payment of $10 costs of. motion, and, if plaintiff desires, on condition that defendant stipulates to refer the action, and that the trial shall proceed from day to day upon two days' notice, and that the defendant will not apply to postpone the trial before the referee. If these terms are not accepted by the defendant, the motion for leave to answer is denied, with $10 costs.