[Sac. No. 91.    Department Two.—November 27, 1896.]

## P. F. SCOTT, RESPONDENT, *v.* O. E. HOTCHKISS ET AL., APPELLANTS.

115    89
f129  566

115    89
139   308
139   309

115    89
143   506
144    66
144    67
d144  660
d144  661
e144  662

MORTGAGE—STIPULATION FOR RECEIVER PENDING FORECLOSURE—RIGHTS OF BONA FIDE TENANT IN GROWING CROPS—COLLECTION OF RENT.— Where a mortgage upon farming land contained a stipulation for the appointment by the court of a receiver to take possession of the mortgaged premises during foreclosure of the mortgage, and to collect the rents and profits until the premises should be redeemed from such sale, or until title should be vested in the purchaser, but was not accompanied by an affidavit as required in mortgages of growing crops, and was not recorded or indexed as a chattel mortgage, the court cannot, under such stipulation, authorize a receiver to take possession of a growing crop pending foreclosure as against a tenant of the mortgagor who took possession under a lease without actual knowledge of such stipulation, and where such lease reserved a fair and adequate rent, which represents the value of the use and occupation of the land. The authority of the receiver must be confined to the receiving of such rent from the tenant in possession.

ID.—EFFECT OF STIPULATION—JURISDICTION TO APPOINT RECEIVER.—The stipulation in the mortgage that a receiver may be appointed and directed to take possession and collect the rents and profits, enlarges the rights of the mortgagee as against the mortgagor, and a purchaser from the mortgagor is in no better position in regard to this matter than the mortgagor; but where the mortgage does not give the mortgagee an interest in the growing crop, or in the rents and profits, it seems that a stipulation for a receiver cannot affect the rights of others, or authorize a court of equity to appoint a receiver in a case where the court has no such authority given by law.

ID.—INSUFFICIENT SECURITY OF MORTGAGE—RECEIVER OF RENTS—EXTENT OF AUTHORITY.—Where the complaint for the foreclosure of a

mortgage avers that the security is insufficient, the court is authorized to appoint a receiver to take and hold the rents and profits to secure the debt; but his authority is confined to receiving the rent from a tenant of the mortgagor who is lawfully in possession under a lease reserving a fair and reasonable rent, and he cannot dispossess such tenant of his rights in the crop.

APPEALS from a judgment of the Superior Court of Sacramento County.   MATT. F. JOHNSON, Judge.

The facts are stated in the opinion of the court.

*White, Hughes & Seymour,* for Appellants.

A growing crop is personal property. (Civ. Code, sec. 2955; *Raventas* v. *Green,* 57 Cal. 254; Freeman on Executions, sec. 113.)   The mortgagor, or his tenant, may claim the crops which he has sown and·which are growing at the time of foreclosure of the mortgage. (*Heavilon* v. *Farmers' Bank,* 81 Ind. 249; *Allen* v. *Elderkin,* 62 Wis. 627; *Gregory* v. *Rosekrans,* 72 Wis. 220.) Neither the mortgagor nor any other person other than the tenant himself could have given the mortgagee any right to the tenant's share of the crop.   (*Sunol* v. *Molloy,* 63 Cal. 369; *Hatch* v. *Hart,* 40 N. H. 98; *Taylor* v. *Bradley,* 39 N. Y. 140; 100 Am. Dec. 415; Freeman on Cotenancy and Partition, sec. 100; *Schell* v. *Simon,* 66 Cal. 264.)

*Hall & Dunn,* for Respondent.

The right to the appointment of a receiver by the stipulations of the mortgage is settled. (High on Receivers, sec. 652; *Freedman's Sav. Co.* v. *Shepherd,* 127 U. S. 502; *Galveston R. R. Co.* v. *Cowdrey,* 11 Wall. 459; *Dow* v. *Memphis etc. R. R. Co.,* 124 U. S. 652; *Des Moines Gas Co.* v. *West,* 44 Iowa, 23; *Keogh Mfg. Co.* v. *Whiston,* 26 Arb. N. C. 358; 14 N. Y. 344; *Paine* v. *McElroy,* 73 Iowa, 81.)   A receiver will always be appointed when it is shown that the rents and profits have been expressly pledged by the terms of the mortgage for the payment of the debt.   (Wiltsee on Foreclosure, 781; 2 Jones on Mortgages, sec. 1516; *Montgomery*

v. *Merrill*, 65 Cal. 432; *Treat* v. *Dorman*, 100 Cal. 623; *Sacramento etc. R. R. Co.* v. *Superior Court*, 55 Cal. 453.) That the premises are in the possession of a mortgagor's tenant who is a party defendant is no bar to the appointment of a receiver. (High on Receivers, 3d ed., secs. 660, 677.)   Until they are severed, the crops growing on mortgaged land are covered by the mortgage, whether planted before or after its execution. (4 Am. & Eng. Ency of Law, 887; Civ. Code, sec. 2926; *Arques* v. *Wasson*, 51 Cal. 623, 21 Am. Rep. 718; 1 Jones on Mortgages, 4th ed., sec. 697; 4 Kent's Commentaries, 157; *Jones* v. *Thomas*, 8 Blackf. 430.)   And the record is notice to all subsequent purchasers of the crop. (*Rankin* v. *Kinsey*, 7 Ill. App. 215; *Chelton* v. *Green*, 65 Md. 272; *Sallade* v. *James*, 6 Pa. St. 144; *McDermott* v. *Burke*, 16 Cal. 589.) Neither the mortgagor or his lessee, subsequent to the giving of the mortgage, is entitled to the crops growing on the land at the time of the foreclosure and sale. (*Aldrich* v. *Reynolds*, 1 Barb. Ch. 613; *Lane* v. *King*, 8 Wend. 584; 24 Am. Dec. 105; *Shepard* v. *Philbrick*, 2 Denio, 174; *Simers* v. *Saltus*, 3 Denio, 219; *Gillett* v. *Balcom*, 6 Barb. 370; *Jewett* v. *Keenholts*, 16 Barb. 193; *Gardner* v. *Finley*, 19 Barb. 320; *Jones* v. *Thomas, supra; Howell* v. *Schenck*, 24 N. J. L. 89.)

TEMPLE, J.—This action was brought to foreclose a mortgage executed by defendant Hotchkiss. The mortgage contains a provision that in case of default and the commencement of an action to foreclose, on the filing of a complaint, in foreclosure, or at any time thereafter, " the court shall, if requested by the plaintiff, name some disinterested person as receiver and shall authorize such person as receiver to take possession of the mortgaged premises and collect the rents and profits, and to apply them to the satisfaction of such judgment, and to sell said premises in the same manner as lands are sold upon execution, and to continue in possession of such premises and to collect the rents and

profits until the premises are redeemed from such sale or until title is vested in the purchaser."

The mortgage was not accompanied with an affidavit as required in mortgages of growing crops, and was not recorded or indexed as a chattel mortgage.

After the mortgage Hotchkiss sold and conveyed the land to defendant Fountain, subject to the mortgage, but it was found that Fountain had no actual notice of the provision in the mortgage in regard to the appointment of a receiver.

The mortgage was executed in 1891. In 1892 Millard entered upon the land as tenant of the mortgagor, and continued in possession as such tenant up to the time of the commencement of this action and the appointment of a receiver herein. Each year he has cultivated the land in wheat, barley, and hay, rendering as rental one-fourth the crop—delivering the same in the field, the grain in sacks and the hay in bales. Millard had no actual knowledge of the mortgage until after he took the lease, and no knowledge of the provision in regard to a receiver until the commencement of this action.

This action was commenced in February, 1895. As to the condition of things when a receiver was appointed, the court found as follows: "That there is growing upon said premises a crop of wheat and hay, as follows: sixty acres of summer fallow, twenty acres of winter-sown, and about one hundred acres of volunteer. That said crop was put in by the defendant Millard, and was, except twenty acres of winter-sown, put in prior to December 1, 1894. That the defendant Millard furnished all of the necessary seed, labor, and teams used in putting in said crop. That is it customary, in leasing farming lands, such as the mortgaged premises, in the vicinity of said premises, where they are leased for a share of the crop, to reserve one-fourth of all grain and hay grown on the premises as rental, the grain to be delivered in sacks and the hay in bales, to the lessor on the leased premises, the other three-fourths of the

crop to be retained by the tenant as compensation for the labor, seed, use of teams and machinery, and other necessary expenses incurred by him in producing the crop, excluding the harvesting, baling, sacking, and piling the same. In the production of such crop, the relative value of the use of the land to the value of the labor, seed, use of teams and machinery, and other necessary expenses of the tenant, is as one-fourth is to three-fourths; and, of the crops so growing on said premises, at least three-fourths thereof in value and quantity are the result of defendant Millard's industry and capital, except that the labor and expense incurred in harvesting, sacking, threshing, baling, and piling said entire crop would come out of said three-fourths."

The appeals are separately taken. Millard claims three-fourths of the crop, contending that the right to rents and profits is all that is granted in the mortgage, and all that, according to equity, can be recovered by plaintiff.

Fountain contends that this provision in the mortgage conferred no rights whatever, and that he, Fountain, is entitled to the rent reserved.

The general subject here under consideration was discussed in the late case of *Simpson* v. *Ferguson*, 112 Cal. 180. It was there held that growing crops could be mortgaged only as provided in section 2955, et seq., of the Civil Code. They are, therefore, not covered by an ordinary real estate mortgage. While growing they are real estate, and are included in the mortgage. But if the mortgagor is in possession, he is entitled to the rents and profits, and to the crops if harvested before foreclosure and the transfer of title thereby to a purchaser.

In *Simpson* v. *Ferguson, supra,* the court quoted approvingly from *Sexton* v. *Breese*, 135 N. Y. 387. In that case, the mortgagor, subsequent to the mortgage, sold a growing crop of wheat, and then delivered possession of the land to the mortgagee. It was held that the mortgagee in possession took subject to the rights of

the purchaser of the crop, and that the fact that the mortgagee was entitled to the rents and profits did not matter. He was not, therefore, entitled to the crop which was in part the result of the labor of the mortgagor. Practically the same thing was decided in *West* v. *Conant*, 100 Cal. 231, and in *Freeman* v. *Campbell*, 109 Cal. 360.

These cases clearly establish the proposition that the court erred in appointing a receiver to take possession of the crop as against the tenant. He is entitled to his share of the crop, which was wrongfully taken from him by the receiver.

The case of Fountain must be discussed on different lines. It has been held both here and in other states that the stipulation in the mortgage that a receiver may be appointed and directed to take possession, and collect the rents and profits, enlarges the rights of the mortgagee—at least as against the mortgagor. Unless such a clause in a mortgage gives the mortgagee an interest in the growing crop, or in the rents and profits, I do not see how it can affect the rights of others, or authorize a court of equity to appoint a receiver. No stipulation can confer jurisdiction upon the court to appoint a receiver in a case where the court has no such authority given by law. It is not necessary to decide the matter in this case, however, because there is an averment that the security is insufficient. In such case, the court is authorized to appoint a receiver (Code Civ. Proc., sec. 564), and take and hold the rents and profits to secure the debt. (See, also, *Montgomery* v. *Merrill*, 65 Cal. 432.)

The purchaser from Hotchkiss is in no better position in regard to this matter than Hotchkiss would have been.

It is to be noticed that it is expressly found that the rent reserved in the lease to Millard is fair and adequate, and represents the value of the use and occupation, as well as the actual rent of the land. The mortgagee,

under the very terms of the mortgage, was not entitled to more than this.

As to appellant Fountain, the judgment is affirmed, but as to defendant Millard, the judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

McFARLAND, J., and HENSHAW, J., concurred.

Hearing in Bank denied.