G. W. BAKER, Receiver, etc., Respondent, v. MABEL BRETT
VARNEY, Appellant.  ELLWOOD VARNEY et al., De-
fendants and Respondents, and A. E. WILLIAMS, In-
tervenor and Respondent.

FORECLOSURE OF MORTGAGE—RECEIVER OF RENTS AND PROFITS—STIPULA-
TION IN MORTGAGE—JURISDICTION—VOID APPOINTMENT.—In an action
to foreclose a mortgage, the court has no jurisdiction to ap-
point a receiver of the rents and profits of the mortgaged
property, based merely upon a stipulation in the mortgage for
such appointment in case of default and foreclosure, without
any showing of facts warranting the appointment under sec-
tion 564 of the Code of Civil Procedure; and an appointment
so made is void.

ID.—POWER OF COURT LIMITED—CONSENT INEFFECTUAL.—The power of
the court to. appoint a receiver in an action of foreclosure is
limited to the cases provided for in section 564 of the Code of
Civil Procedure; and in a case where the court has no au-
thority under the statute to appoint a receiver, such authority
cannot be conferred by consent or stipulation of the parties.

APPEAL from an order of the Superior Court of Sutter
County. denying a new trial.  E. A. Davis, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, J. H. McKune, and McKune & George, for
Appellant.

Richard Belcher, for G. W. Baker, Receiver, Respondent.

Albert M. Johnson, for A. E. Williams, Intervenor and Re-
spondent.

F. S. Sprague, and White & Seymore, for Charles H. Lowell
and W. A. Fountain, Defendants and Respondents.

Ellwood Varney, in pro. per.

McFARLAND, J.—The plaintiff herein was appointed as a
receiver in a suit brought by the intervenor for the foreclos-
ure of a mortgage upon certain land in Sutter county, and

brought this action as such receiver to recover possession of certain cattle claimed by him to be the rents and profits of the mortgaged property. It is contended by appellant that the plaintiff cannot recover in this action because his appointment as receiver was void; and, as we think that this contention must be sustained, it will not be necessary to examine any of the other questions raised in the case.

Prior to the enactment of section 564 of the Code of Civil Procedure, it had been definitely determined in this state in the case of *Guy v. Ide*, 6 Cal. 99,[1] and by other cases which followed it, that in a foreclosure suit the court had no power to appoint a receiver to collect the rents and profits pending the litigation. By the second subdivision of said section 564 power was given the court in an action to foreclose a mortgage to appoint a receiver "where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt"; and this is the only provision giving jurisdiction to appoint a receiver in such a suit. In the case at bar the receiver was not appointed under that subdivision of the section, but the authority to appoint a receiver was based entirely upon a stipulation in the mortgage itself that upon default in the payment of the mortgage debt and on the filing of a complaint for foreclosure "the court shall, if requested by the plaintiff, name some disinterested person as receiver, and shall authorize such receiver to at once take possession of the mortgaged premises and collect the rents and profits thereof," etc. It was upon this stipulation alone that the alleged power of the court to appoint a receiver rests, and it is so recited in the order of appointment. Where a court has no authority under the law to appoint a receiver, such authority cannot be conferred by consent or stipulation of the parties. In such case consent of parties cannot confer jurisdiction upon a court, nor impose upon it the duty of taking care of and disposing of the property. It might as well be said that in a suit upon a promissory note, or upon any simple contract for the payment of money, a stipulation in the instrument by which the debt was

[1] 65 Am. Dec. 490.

evidenced that the court might appoint a receiver upon suit brought would give jurisdiction to the court to appoint such receiver; or that there could be a specific performance of a contract in any kind of a case because the parties had stipulated for a decree of specific performance. In *Scott v. Hotchkiss*, 115 Cal. 94, this court said: "No stipulation can confer jurisdiction upon the court to appoint a receiver in a case where the court has no authority given by law"; and though it might be said that this declaration was not necessary to the decision of that case, yet it clearly expresses what we hold the law to be. The rule is correctly stated in volume 12 of Encyclopedia of Pleading and Practice, pages 125 and 126, with ample authorities in the notes to sustain it, as follows: "The jurisdiction of courts having its source in the law of the land, no act of the parties can impart to a court jurisdiction which the law denies, or to a person the right to exercise judicial functions. It is accordingly a well-settled and universally applied principle that consent of parties cannot confer upon a court jurisdiction which the law does not confer, or confers upon some other court, although the parties may by consent submit themselves to the jurisdiction of the court. In other words, consent cannot confer jurisdiction of the subject matter, but may confer jurisdiction of the person." We do not think that the appellant is precluded from making this point upon the ground that it is a collateral attack. Upon the record the order appointing a receiver must be considered as based solely upon the stipulation of the parties in the mortgage, and is therefore void.

The appeal in this case is from an order denying a new trial, and the order appealed from is reversed.

Van Dyke, J., Garoutte, J., Temple, J., Harrison, J., Henshaw, J., and Beatty, C. J., concurred.

Rehearing denied.