PHILIP RHINELANDER, as Surviving Executor of and Trustee under the Last Will and Testament of CORNELIA P. KIP, Deceased, Respondent, *v.* EUGENE LAMB RICHARDS, as Trustee in Bankruptcy of ANTHONY DEUTSCH and ADOLPH DEUTSCH, Individually and as Copartners Doing Business under the Firm Name of DEUTSCH BROTHERS, Appellant.

First Department, July 11, 1918.

Bankruptcy — rights of mortgagee after bankruptcy of mortgagor and subsequent default in payment of principal sum — jurisdiction to determine rights of creditors — right of mortgagee under provision in mortgage to receive rents upon default of mortgagor.

Where before default in payment on various bonds and mortgages, and, therefore, before the right of the mortgagee to have a receiver of the rents appointed pursuant to a provision in the mortgages, an involuntary petition in bankruptcy was filed against the owners of the equity of redemption and a trustee in bankruptcy appointed who entered into possession and collected the rents, and as the mortgagee was about to commence actions to foreclose and apply for a receiver of the rents, the trustee in bankruptcy obtained an order restraining the foreclosure proceeding, and subsequently sold the premises and the stay was vacated and the foreclosure actions were prosecuted to judgment, and a deficiency judgment was entered, the mortgagee cannot bring an action in the State court against the trustee in bankruptcy to recover the rents received by him from the real estate of the bankrupt after default in payment of the principal sum.

The United States District Court has jurisdiction to determine the rights of the various creditors, and its trustee in bankruptcy cannot be com-

pelled to account in a State court for assets of the bankrupt received by him in his official capacity.

If the mortgagee had any right of priority, he should have asserted it in the United States District Court in the bankruptcy proceedings and moved to vacate the order staying his action.

A provision in a mortgage allowing the mortgagee to take possession and receive the rents upon default in payment of the principal sum does not upon default vest the right to the rents immediately in the mortgagee. In such case he is only entitled to impound the rents through a receiver appointed by the court. He is, however, relieved from the necessity of showing that the property is insufficient and the bondsman insolvent in order to obtain the appointment of the receiver.

APPEAL by the defendant, Eugene Lamb Richards, as trustee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of October, 1916, overruling his demurrer to the complaint and granting plaintiff's motion for judgment on the pleadings consisting of the complaint and the demurrer thereto.

*J. Archer Hodge* of counsel [*Jeremiah T. Mahoney* with him on the brief; *Phillips, Mahoney & Wagner*, attorneys], for the appellant.

*Max L. Schallek* of counsel [*Samuel Strasbourger* with him on the brief; *Strasbourger & Schallek*, attorneys], for the respondent.

PAGE, J.:

The complaint is to recover from a trustee in bankruptcy rents received by him from the real estate of the bankrupt after a default in payment of the principal sum after demand. There are three causes of action, each based upon a separate bond and mortgage, a lien upon a separate parcel of real estate. The mortgages each contain the clause " That if default shall be made in the payment of the principal sum mentioned in the said bond, or of any installment thereof, or of any part of either, at the respective times therein specified for the payment thereof, the mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues and profits

thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured and said rents and profits are in the event of any such default hereby assigned to the mortgagee." ·

In the month of August, 1914, a petition in involuntary bankruptcy was filed against the owners of the equity of redemption and such proceedings were had that the defendant was appointed trustee in bankruptcy for the said owners and entered into possession of the premises, and collected the rents therefrom. On November 16, 1914, the owners and their wives conveyed the premises to the trustee in bankruptcy. The principal sum of the various bonds and mortgages became due on December 14, 1914, and payment thereof was demanded. As the plaintiff was about to commence actions to foreclose the several mortgages and apply for a receiver of the rents, the defendant obtained on January 15, 1915, from the referee in bankruptcy in the United States District Court, an order restraining the plaintiff from bringing any action or proceeding in any court to foreclose the said mortgage. On April 15, 1915, the plaintiff obtained a modification of said order to the extent that he was allowed to commence said action and conduct the same up to and including the order of reference to compute the amount due, but the said order expressly provided that the plaintiff should not apply for a receiver of the rents. The trustee sold the premises on June 18, 1915, and the stay was vacated. The foreclosure actions were prosecuted to judgment of foreclosure and sale, and a deficiency judgment was entered. This action is brought to recover the rents collected by the trustee.

The court at Special Term has held that by recourse to the Federal courts the mortgagor prevented the mortgagee from availing himself of the clause in the mortgage providing for the appointment of a receiver; that it would seem that, in justice, he should for a secured debt have priority over general creditors. The difficulty with this statement is that that is a matter with which this court is not concerned. If the plaintiff had any right of priority he should have asserted it in the United States District Court in the bankruptcy proceedings and moved to vacate the order staying his action. ·

The plaintiff erroneously claims that on the default the

right to the rents immediately vested in him. The clause in the mortgage does not have that effect. The mortgagee in such case is only entitled to impound the rents through a receiver appointed by the court. He is, however, relieved from the necessity of showing that the property is insufficient and the bondsman insolvent in order to obtain the appointment of the receiver. Before there was a default, and, therefore, before his right to have a receiver of the rents appointed, by a proceeding *in invitum* the property had been taken into the custody and control of the United States District Court for the benefit of all the creditors. It was for that court to determine the rights of the various creditors. Its officers, acting pursuant to its order, cannot be compelled to account in a State court for assets of the bankrupt received by him in his official capacity.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.