[Civ. No. 7497. Second Appellate District, Division Two.—September 18, 1930.]

THE STOCK & BOND GUARANTEE COMPANY, INCORPORATED (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Cooper & Collings for Petitioners.

Fred Aberle, Harry William Elliott and Vernon W. Hunt for Respondent.

CRAIG, J.—The petitioners in this proceeding were joined as defendants in an action in the superior court for moneys alleged to have been paid to them by the plaintiff, J. W. Murphree, for the purchase of shares of corporate stock. The complaint in that action averred that said stock had not been purchased or delivered, and prayed the appointment of a receiver, and judgment for the sum of two thousand one hundred dollars. ■ The complaint consisted of three counts or separate causes of action: (1) Money had and received to the plaintiff's use and benefit, (2) an indebtedness upon an open book account and (3) general allegations of insolvency of, and appropriation of assets to their own use by, certain defendants. While an accounting is prayed for, it is obvious that this does not change the character of the action, which is fixed by the allegations contained in the counts above mentioned. Upon such complaint a receiver was appointed to take charge of the business and properties of the petitioning corporation and of two individuals. This is a proceeding in prohibition to restrain further action of the court below in the matter of the receivership, and praying that the receiver be dismissed.

The only ground upon which the order appointing a receiver is defended by respondent is that the defendants are converting the assets and business to their own use; that the business has been closed and that "if the affairs of said

business continue to be hereafter conducted by said defendants, or any of them, this plaintiff will suffer irreparable detriment and injury, and that the assets of said business which might be used to satisfy the claim of the plaintiff herein will be forever lost''. The defendants moved to vacate the order appointing a receiver, and filed an answer denying insolvency and alleging the existence of physical assets of the value of $500,000. It further appears that the stock for which two thousand one hundred dollars had been paid to the defendants was actually purchased and tendered, and that a certificate representing it has been deposited with the court. ■ While we are not concerned with the ultimate rights of the parties, the record before us discloses but an ordinary demand for money admittedly paid by the plaintiff to the defendants, and its proper application by the latter is not denied. And that this is the true nature of the plaintiff's claim is apparent from the facts admitted in the respondent's brief. A bill of particulars furnished by the plaintiff further tends to substantiate the nature of the transaction. Prior to decision below denying the motion to vacate the order of appointment an amended complaint was filed, alleging that one of the individual defendants had acquired all of the stock of the corporation, and that both were in effect one and the same person. But the amendment cannot be said to have altered the situation, nor to have brought the plaintiff within the statutory provision entitling him to such drastic measures. (*Takeba* v. *Superior Court*, 43 Cal. App. 469 [185 Pac. 406].)

■ A receiver may be appointed only in cases expressly specified by the statutes. (*Miller* v. *Oliver*, 174 Cal. 407 [163 Pac. 355]; *Luckenbach* v. *Laer*, 190 Cal. 395 [212 Pac. 918].) Section 564 of the Code of Civil Procedure authorizes a receivership in an action by a creditor to subject any property or fund to his claim upon proper showing of a probable interest in the property or fund, and in cases when a corporation is insolvent for the preservation of its assets. But it is settled law that courts have no power at the instance of a mere creditor to appoint a receiver for a corporation, and thus virtually to dissolve it and usurp the powers of its directors, until he shall first have reduced his claim to a judgment and have ex-

hausted his legal remedies. (*Fischer* v. *Superior Court,* 110 Cal. 129 [42 Pac. 561]; *Murray* v. *Superior Court,* 129 Cal. 628 [62 Pac. 191]; *Elliott* v. *Superior Court,* 168 Cal. 727 [145 Pac. 101]; *Delaney P. & R. Co.* v. *Crystal Petroleum Products Co.,* 88 Cal. App. 784 [264 Pac. 521].) It is not pretended that the issues have been tried or even finally joined in the instant case.

The petition is granted as prayed.

Works, P. J., and Thompson (Ira. F.), J., concurred.