[S. F. No. 14791. In Bank.—December 9, 1932.]

WILLIAM W. MINES, as Receiver, etc., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Edward A. Adams, Overton, Lyman & Plumb and William R. James for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

Ben M. Goldman, *Amicus Curiae* on Behalf of Respondents.

THE COURT.—This is a petition for a writ of prohibition and a writ of mandate.

In October, 1931, Title Guarantee and Trust Company commenced an action as trustee under a deed of trust against J. L. Altman. This was one of some fifty similar actions brought by said plaintiff. The said deed of trust provided that in the event of a default the trustee should have the right to take possession, manage and care for the property, and collect the rents, issues and profits thereof. The complaint prayed for the appointment of a receiver pending the trial. On November 7, 1931, after due notice and hearing, Judge Willis made an order appointing A. J. Showalter and L. C. Busby receivers. These parties qualified and acted until March 16, 1932, when they were discharged by the court upon its own motion, and petitioner was appointed in their place. Petitioner qualified and has continued to act as such receiver. No appeal was taken from any of these orders, which are now final.

On May 2, 1932, after the trial, Judge Gates gave judgment in favor of Title Guarantee and Trust Company, ordering petitioner to deliver the property to said trustee and to file his final account and report. Petitioner complied with the judgment, but was not discharged. Instead, it is alleged that Judge Wilson now threatens to vacate the orders appointing the receivers on the ground that the court which made them acted beyond its jurisdiction. This petition is brought to prevent such action and to compel the court to pass upon petitioner's account.

■ It is alleged that the remedy at law—appeal from such threatened order—would be inadequate, because as a result of many similar proceedings in which petitioner is receiver, there are numerous unsettled claims, and the vacating of the orders would cause great loss to the bond-holders and subject petitioner to many damage suits. No objection is raised by respondents to the remedy sought, and we are satisfied that if the threatened action is beyond the court's powers, prohibition should issue.

■ The theory upon which respondent proposed to act is that the action brought by the trustee against the default-ing owner was not an equitable suit for specific performance, but a legal action of ejectment to secure possession of the property; and that under our statute and decisions, the court had no jurisdiction to appoint a receiver in a purely legal action. It is conceded by petitioner that unless the action is equitable in its nature, receivership is improper. (See *Bateman* v. *Superior Court*, 54 Cal. 285; *Miller* v. *Oliver*, 174 Cal. 407 [163 Pac. 355]; *Bennallack* v. *Richards*, 125 Cal. 427 [58 Pac. 65].) Consent of the parties cannot confer such jurisdiction. (*Baker* v. *Varney*, 129 Cal. 564 [79 Am. St. Rep. 140, 62 Pac. 100].) However, an analysis of the complaint shows that the contention that the pro-ceeding was merely one in ejectment is unfounded. The action was brought to obtain specific performance of cer-tain covenants in the deed of trust. The said deed of trust provided that upon default by the trustor, the trustee might enter and take possession, but it also provided for additional rights. The trustee was given power to ''use, operate, manage and control the trust estate, and conduct the busi-ness of the trustor to the best advantage of the holders of the notes''; to ''maintain and restore and insure and keep insured the trust estate and make all necessary repairs, renewals, replacements, alterations, additions, betterments and improvements''; to ''collect, take over and receive all tolls, earnings, income, rents, issues and profits of the trust estate''. It is obvious that none of these rights would be in issue in a mere action in ejectment to obtain possession of the premises, and that to secure these other rights, allega-tions based upon the terms of the contract and seeking specific enforcement thereof would be necessary. Specific performance being a proceeding within the cognizance of a

court of equity, the court had jurisdiction in such a proceeding to appoint a receiver, under section 564, subdivision 7, of the Code of Civil Procedure.

Two decisions of this court definitely support the position of petitioner. In *Sacramento & Placerville R. R. Co.* v. *Superior Court*, 55 Cal. 453, 456, it is said: "We find in the mortgage, or deed of trust (*it is immaterial whether it is a deed of trust or simply a mortgage*) a power expressly conferred on the parties of the second part, in case default is made in the payment of the principal or interest of said bonds, to enter upon and take possession of the mortgaged property. . . . Section 564 of the Code of Civil Procedure provides that a receiver may be appointed by the Court in which the action is pending, in all cases where receivers have heretofore been appointed by the usages of Courts of Equity. This is not a proceeding to foreclose a mortgage, and to subject the mortgaged property to sale under the decree of the Court, but it is in the nature of a proceeding *to enforce specific performance* of the terms and conditions of a mortgage; and we find numerous cases in the books in which Courts of Equity have exercised the jurisdiction complained of in this case." (Italics ours.) And in *McLane* v. *Placerville & Sacramento Valley R. R. Co.*, 66 Cal. 606, 615 [6 Pac. 748, 754], similar language appears: " . . . this action is not one to foreclose a mortgage. It is a suit brought to enforce the specific execution of the terms and stipulations of a mortgage, by which, on the happening of a specific event, the trustees or the survivor of them are entitled to take possession of the property mortgaged, hold it, receive and collect the income and profits arising from it, and apply such income and profits as are stated above.

"The *casus foederis*, upon which the surviving trustee was to take possession, having occurred, on his application the court made the order. This is so clearly within the province of a court of equity, that we can see no reason to doubt its power, or the regularity of the proceeding. It comes within the provisions of section 564, subdivision 6, of the Code of Civil Procedure, authorizing such appointments, where receivers have heretofore been appointed by the usages of courts of equity."

If, as appears from the foregoing discussion, the court had jurisdiction to appoint a receiver, it is not now

possible to argue that it was in error in making the order. Since the time for appeal has passed, the contemplated action of the court below must be tested by the principles governing collateral attack, and it is only where the orders are totally void that collateral attack is permissible. (*Woodward* v. *Superior Court*, 95 Cal. 272 [30 Pac. 535]; *Painter* v. *Painter*, 138 Cal. 231 [94 Am. St. Rep. 47, 71 Pac. 90]; *Mesnager* v. *De Leonis*, 140 Cal. 402 [73 Pac. 1052].) It follows that the appointment of petitioner cannot now be questioned, and that he is entitled to have the court pass upon his account and all other matters connected with his receivership, and if the same are found in proper form and compliance with his legal duties, to be discharged as such receiver.

The alterative writ of prohibition heretofore granted is hereby made peremptory.