[L. A. No. 13965. In Bank.—May 14, 1934.]

C. P. FRICK et al., Plaintiffs, v. CALMIN MORTGAGE CORPORATION, LTD. (a Corporation), et al., Respondents; ALU G. SAEWERT, Appellant.

G. M. Cuthbertson for Appellant.

Harmel L. Pratt for Respondents.

PRESTON, J.—Plaintiffs, a judgment creditor and two stockholders of defendant corporation, filed herein their

complaint, in the nature of a general creditors' bill, setting forth a *résumé* of the financial condition of said corporation; alleging that while its assets exceeded its known liabilities, said assets were not marketable and the liabilities were subject to increase; that current liabilities far exceeded current assets and the corporation was insolvent; that it was being pressed by creditors who threatened attachment suits and that attempts by plaintiff Frick to enforce collection of his judgment by execution would precipitate general action on the part of other creditors and lead to wasteful strife and controversy, all of which could be avoided and the properties and assets of the corporation preserved for equitable distribution among those entitled thereto by intervention of the court in the appointment of a receiver of said assets and properties, wherefore plaintiffs prayed that the court take cognizance of the matters so stated and of disputed rights and obligations of the parties, and that, in order to preserve intact and protect from waste the assets and properties of defendant corporation, a receiver be appointed to take charge of, collect and hold all of said assets and properties, subject to the order of the court, and to exercise such other powers and authorities as might from time to time be deemed necessary.

On the same day in which the complaint was filed, defendant corporation, through its president and secretary, entered a voluntary appearance in the cause and filed a written consent to appointment of a receiver as prayed. Thereafter, and on August 10, 1931, the court made its order appointing such receiver and he duly complied with the conditions of the order by filing a good and sufficient bond, and entered upon the performance of his duties. About a year later, on September 12, 1932, the court, of its own motion, vacated and annulled the order of August 10th, and ordered a petition to appoint another receiver off calendar. From this order plaintiff Saewert appealed. On October 19, 1932, a supplemental *nunc pro tunc* order was filed, amending the minute order of September 12th to show that it was based upon the court's finding that the first order of appointment was in excess of its jurisdiction.

Appellant, of course, contends that the court had jurisdiction to appoint a receiver and that it erred in vacating said order of appointment on its own motion, without

notice, and after more than a year had elapsed. With this we cannot agree. The complaint failed to state a cause of action in that it asked for no affirmative relief to which a receivership might be incidental; hence the order appointing the receiver had no validity. Furthermore, the fact that the corporation consented to the appointment is immaterial.

As authority for this pronouncement see the recent case of *McCutcheon* v. *Superior Court*, 134 Cal. App. 5 [24 Pac. (2d) 911], decided August 22, 1933, and cases therein cited. No additional citation of authority need be made to effectually dispose of this appeal. That case is similar in fact to the instant case, it is directly in point and contains a full discussion of the issues raised by appellant.

The order is affirmed.

Shenk, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.