[Civ. No. 9622. First Appellate District, Division Two.—January 7, 1935.]

MERCANTILE MORTGAGE COMPANY (a Corporation) et al., Respondents, v. CHIN AH LEN et al., Defendants; JOHN E. MANDERS, as Guardian, etc., Appellant.

[Civ. No. 9623. First Appellate District, Division Two.—January 7, 1935.]

MERCANTILE MORTGAGE COMPANY (a Corporation) et al., Respondents, v. CHIN JOK et al., Defendants; JOHN E. MANDERS, as Guardian, etc., Appellant.

Charles A. Christin and Thomas J. Keegan for Appellants. ·

Edward R. Eliassen for Respondents.

NOURSE, P. J.—The guardian of two of the defendants has appealed from an order appointing a receiver.

The plaintiffs held deeds of trust covering three pieces of real property located in what is known as Chinatown in the city and county of San Francisco. Each deed provided that: "In case default be made in payment, . . . the Trustee . . . shall be entitled at any time, at its option, and either by itself or by a receiver to be appointed by a court therefor, to enter upon and take possession of the above granted premises, . . .

"The Trustee, . . . may at any time, at its option, commence and maintain suit in any court of competent jurisdiction and obtain the aid and direction of said court in the execution by it of the trusts, . . . "

Acting upon this authority the plaintiffs commenced two actions in specific performance to be admitted to possession of the premises and for the appointment of a receiver to take immediate possession for the purpose of collecting the rents and of preserving the property. These actions were consolidated for the motion for the appointment of a re-

ceiver and for the appeal. The defendants opposed by affidavit and oral evidence the appointment of a receiver. The plaintiff treated its complaint as an affidavit upon the hearing and the order appealed from is based upon the conflict of evidence arising in this way.

It appears that the appellants were in default in the payment of both principal and interest, in the payment of taxes and insurance premiums, to the amount of approximately $13,500; the three buildings, which were used as stores and rooming houses, were badly in need of repair, windows being broken, plaster broken and cracked, plumbing and electric wires and fixtures defective, and the entire premises were left in an unclean and unsanitary condition; that two of the defendants representing conflicting claimants to interests in the properties had been collecting over a long period of time approximately $2,300 a month in rentals from the tenants, some of whom had been compelled to pay double rent under intimidation from these claimants; that the income was being dissipated by these defendants who refused to use any part of it in the upkeep or repair of the premises or in the payment of the obligations under the deeds of trust. Upon this showing a receiver was appointed to take immediate possession of the premises.

The first point raised by the appellants is not stated correctly. This cause of action is not limited to the enforcement of the covenant providing for the appointment of a receiver. ■ A receiver may be appointed when the action is one in equity to enforce the covenants of the rights of entry and possession under a deed of trust. (*Mines* v. *Superior Court,* 216 Cal. 776, 779 [16 Pac. (2d) 732]; *American Securities Co.* v. *Van Loben Sels,* 218 Cal. 662, 664 [24 Pac. (2d) 499].) It is such a cause of action which is here pleaded.

■ Their second point is that the trustee having given notice of default and started proceedings for sale has made an election of remedies which precludes the right to sue for specific performance. The appellants cite a number of cases to the rule stated in *Mansfield* v. *Pickwick Stages,* 191 Cal. 129, 131 [215 Pac. 389], that the doctrine of election is but an extension of the general principles of equitable estoppel. From this they argue that they were entitled to assume that

the trustee would proceed to sell under the provisions of section 2924 of the Civil Code and thus permit them to collect the income pending sale. The argument is based upon an incomplete statement of the rule. In the Mansfield case the Supreme Court emphasized that the "disadvantage" to the adversary upon which he might claim an estoppel "must be a real injury, such as would, in contemplation of law, amount to a fraud upon the party invoking the estoppel".

But we do not find any basis for invoking the doctrine of estoppel to the facts of this case. The rule applicable is fully stated in the quotation in the Mansfield case from 20 C. J., page 2: " 'Election of remedies has been defined to be the right to choose or the act of choosing between different actions or remedies where plaintiff has suffered one species of wrong from the act complained of. Broadly speaking, an election of remedies is the choice by a plaintiff to an action of one of two or more coexisting remedial rights, where several such rights arise out of the same facts, but the term has been generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to or a repudiation of the other.' (20 C. J., p. 2.) "

Here the deeds of trust gave the trustee the right to enter "at any time" to manage, repair and operate the properties and to collect the rents and income therefrom. The deeds authorized the trustee "at any time" to commence and maintain suit to enforce these rights. The remedies thus afforded for the immediate protection of the properties from dissipation and loss were not inconsistent with the power to sell under the deeds.

█ Finally, it is argued that the court erred in making the order because the evidence offered by appellants showed that the value of the properties exceeded the indebtedness and that the security was not materially affected by the deterioration of the property. The motion was made upon the complaints which were treated as affidavits for that purpose. The evidence offered by appellants on the values of the properties was so inherently impossible that it might well have been rejected in full. Their evidence relating to the condition of the premises corroborated that of re-

spondents. The evidence on the whole fully supports the order.

The order in each case is affirmed.

Sturtevant, J., and Spence, J., concurred.