[Civ. No. 10010. First Appellate District, Division Two.—February 24, 1936.]

CHARLES ISAACS et al., Respondents, v. H. M. JONES et al., Defendants; J. EDGAR ROSS, Appellant.

J. Edgar Ross, *in pro. per.*, for Appellant.

Arthur T. Stollmack and Samuel V. Goldfarb for Respondents.

SPENCE, J.—The intervener, J. Edgar Ross, has appealed upon the judgment roll from a judgment awarding to plaintiff Charles Isaacs the sum of $707.01, which was the balance deposited with the clerk of the court by the receiver appointed in the above-entitled action.

Appellant's brief contains the following headings: ''Statement of Facts'', ''Summary of Pleadings'' and ''Argument''. It fails to present ''each point separately under an appropriate heading, showing the nature of the question to be presented or the point to be made''. (Sec. 2, Rule VIII of the Rules for the Supreme Court and District Courts of Appeal.) Such failure would justify a dismissal of the appeal. (Sec. 4 of said Rule VIII; *Cunnyngham* v. *Mason-McDuffie Co., Inc.,* 218 Cal. 196 [22 Pac. (2d) 515], and cases cited.)

We have nevertheless examined the briefs and find no merit in appellant's points. The sum awarded to respondent Charles Isaacs represented the balance of rents collected by the receiver who was appointed in this action which was brought to obtain specific performance of the provisions of a deed of trust relating to such rents. (*Mines* v. *Superior Court,* 216 Cal. 776 [16 Pac. (2d) 732].) Said respondent was the beneficiary under the deed of trust and the purchaser at the foreclosure sale. Appellant was the purchaser upon an execution sale in another action. Said rents were collected by the receiver prior to the foreclosure sale, but after the execution sale and during the period allowed for redemption therefrom. Appellant claims he was entitled to said rents under the provisions of section 707 of the Code of Civil Procedure. But the deed of trust was executed and recorded prior to the levy of attachment in the other action and had priority over the attachment. Appellant, as purchaser at the execution sale, acquired no greater rights than those of the judgment debtor and we therefore conclude that the trial court properly awarded the balance of said rents to respondent Charles Isaacs.

Appellant questions the form of the deed of trust and apparently claims that rents were not made security for the

payment of the note. This claim may not be sustained. The deed of trust was somewhat unusual in form and it did purport to appoint a third party as attorney-in-fact of the trustors to collect the rents. These provisions were expressly made "as a part of the consideration for the payment of the sum evidenced by the note herein described and for the purpose of carrying into full force and effect all the terms, provisions and conditions of this indenture contained". The power was declared to be irrevocable and was to remain in effect "until all of the note herein described shall have been fully paid and liquidated". The power was not to be exercised until default. It was to be binding on the trustors' successors in interest, and was made "collateral and in furtherance of the power granted" to the trustee. Apparently the person appointed did not attempt to act under the power granted but this action was brought and the receiver was appointed. Appellant argues that "the power of attorney was never intended by its makers to convey any title" but, disregarding the form and considering the substance of these provisions of the deed of trust, we believe it entirely clear that the rents accruing after default were intended as additional security for the note secured by the deed of trust.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.