[Civ. No. 40648. First Dist., Div. One. May 10, 1977.]

BARCLAYS BANK OF CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
K.V.E. SHELTERS, INC., et al., Real Parties in Interest.

594

## COUNSEL

Cotton, Seligman & Ray, Lawrence W. Jordan, Jr., William M. Wright and Ronald B. Friedman for Petitioner.

No appearance for Respondent.

Botney, Robbins & Kay and Allen E. Botney for Real Parties in Interest.

## OPINION

**ELKINGTON, J.**—Petitioner Barclays Bank of California (the Bank) was the beneficiary of a trust deed covering real property owned by real party in interest K.V.E. Shelters, Inc., and leased to real party in interest Betty Landes, whom collectively we shall hereafter describe as K.V.E. Shelters. The obligation secured by the trust deed was in default and the Bank had commenced foreclosure proceedings according to the security instrument's terms.

The trust deed contained the following provision: "7. If payment or performance of Trustor's Obligation or of any obligation or indebtedness forming a part thereof shall not be made when due . . . Beneficiary may at its option declare Trustor's Obligation, or any part thereof, immediately due and payable . . . [and may] (ii) collect and enforce payment of all rents, issues and profits of said property . . . (iv) . . . *or cause or permit a receiver appointed by the court to perform the same, and in any case without regard to the adequacy of security* . . . ." (Italics added.)

In a superior court action, brought by K.V.E. Shelters whose cause of action is here irrelevant, the Bank had cross-complained against K.V.E. Shelters for foreclosure of the above described trust deed, and *"for*

*specific performance of provisions of deed of trust,* [and] *for appointment of receiver to collect rents, issues and profits,* and for damages." (Italics added.)

Following a hearing on an order to show cause re appointment of receiver, the superior court ruled as follows: "The Order to Show Cause of Barclays Bank of California re appointment of receiver is denied, no showing having been made that the value of the property is insufficient to recover the amount of the debt."

On the Bank's petition we issued an alternative writ of mandate for the purpose of inquiring into the legality of the superior court's order.

The Bank contended in the superior court, as it does here, that it was "entitled to the appointment of such receiver in accordance with the provisions of the deed of trust without making any showing that the real property security is inadequate to satisfy the indebtedness secured thereby; . . ."

Our first inquiry is into the validity of that contention.

We make some preliminary observations.

■ "The appointment of a receiver is a drastic remedy, may involve unnecessary expense and hardship and courts carefully weigh the propriety of such appointment in exercising their discretion to appoint a receiver particularly if there is an alternative remedy." (*Hoover* v. *Galbraith,* 7 Cal.3d 519, 528 [102 Cal.Rptr. 733, 498 P.2d 981].)

■ No distinction is to be made between a trust deed and a mortgage, in determining the security holder's entitlement to a receiver upon default. (See *Kinnison* v. *Guaranty Liquidating Corp.,* 18 Cal.2d 256, 261-262 [115 P.2d 450]; *Mines* v. *Superior Court,* 216 Cal. 776, 779 [16 P.2d 732]; *Santacroce Bros.* v. *Edgewater-Santa Clara, Inc.,* 242 Cal.App.2d 584, 587 [51 Cal.Rptr. 613].)

■ In this state a receiver may be appointed *only* as permitted by Code of Civil Procedure section 564. (*Miller* v. *Oliver,* 174 Cal. 407, 410 [163 P. 355]; *White* v. *White,* 130 Cal. 597, 599 [62 P. 1062]; *Stock & Bond Guarantee Co.* v. *Superior Ct.,* 108 Cal.App. 360, 362 [291 P. 589]; *Dabney Oil Co.* v. *Providence Oil Co.,* 22 Cal.App. 233, 237 [133 P. 1155]; 2

Witkin, Cal. Procedure (2d ed. 1970) Provisional Remedies, § 236, p. 1629.)

Code of Civil Procedure section 564 provides:

"A receiver may be appointed, in the manner provided in this chapter, by the court in which an action or proceeding is pending in any case in which such court is empowered by law to appoint a receiver.

"In superior courts a receiver may be appointed by the court in which an action or proceeding is pending, or by a judge thereof, in the following cases: . . .

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt; . . .

"7. In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

■ The Bank's cross-complaint made no allegation, and no contention or proof was offered by it in the superior court, that the subject "property is probably insufficient to discharge the mortgage debt; . . ." Accordingly, the Bank was not entitled to appointment of a receiver under Code of Civil Procedure section 564, *subdivision 2*.[1]

■ We therefore inquire whether, under Code of Civil Procedure section 564, *subdivision 7,* the Bank's application for a receiver should have been granted according to "the usages of courts of equity."

---

[1]In this court, and apparently for the first time, the Bank argues: "That even if a showing of such inadequacy is required, K.V.E., the real party in interest, has by the allegations of its complaint by affirmative allegation judicially admitted that the current value of the property is not more than $220,000.00 and since the indebtedness secured by the deed of trust is in excess of $377,000.00, the inadequacy of the security has been established as a matter of law against K.V.E." But we find no allegation of the complaint "that the current value of the property is not more than $220,000.00," nor does the record reasonably make certain that "the indebtedness secured by the deed of trust is in excess of $377,000.00, . . ." We have no way of knowing, nor did the trial court, what the evidence would have established had the immediate contention been placed in issue. We apply the rule that a party is not permitted to change his position and adopt a new and different theory before a reviewing court. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 281, pp. 4269-4270.)

As noted above, the subject trust deed, in the event of default, permitted the Bank to *"collect and enforce payment of all rents, issues and profits of said property* . . . or cause or permit a receiver appointed by the court to perform the same, and in any case without regard to the adequacy of security . . . ." (Italics added.)

In *Mines* v. *Superior Court, supra,* 216 Cal. 776, a trust deed provided, among other things, that upon default the "trustee" (*sic*) could " 'collect, take over and receive all tolls, earnings, income, rents, issues and profits of the trust estate.' " Upon default thereunder the trustee commenced what the court equated with an action "to obtain specific performance of certain covenants . . . ." Although the trust deed appears to have had no provision for the appointment of a receiver, such a receiver was appointed to collect the "rents, issues and profits" of the property. The high court found the appointment valid, stating: "Specific performance being a proceeding within the cognizance of a court of equity, the court had jurisdiction in such a proceeding to appoint a receiver, under section 564, subdivision 7, of the Code of Civil Procedure." (216 Cal., pp. 778-779.)

*Mines* v. *Superior Court* was followed in the more recent case of *Lovett* v. *Point Loma Development Corp.,* 266 Cal.App.2d 70 [71 Cal.Rptr. 709], where a trust deed provided: " 'Upon any such default, Beneficiary may at any time, without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents . . . and apply the same . . . upon any indebtedness secured hereby. . . .' " (P. 73.) The reviewing court concluded that while ordinarily the appointment of a receiver in aid of foreclosure of a trust deed was governed by Code of Civil Procedure section 564, subdivision 2, where "the lienholder [or beneficiary] seeks enforcement of a provision in the lien agreement conferring the right to collect rents and apply such upon the secured indebtedness, the authority to appoint a receiver is conferred by Code of Civil Procedure, section 564, subdivision 7." (P. 75.) In such a context, the court said, "receivers have heretofore been appointed by the usages of courts of equity."

In agreement are *Kinnison* v. *Guaranty Liquidating Corp., supra,* 18 Cal.2d 256, 260-261; *Snyder* v. *Western Loan & Bldg. Co.,* 1 Cal.2d 697, 702 [37 P.2d 86]; *American Securities Co.* v. *van Loben Sels,* 218 Cal. 662, 664 [24 P.2d 499]; *Blodgett* v. *Haddock,* 95 Cal.App.2d 17, 19 [212 P.2d

26]; *Securities Co.* v. *van Loben Sels,* 13 Cal.App.2d 265, 267 [56 P.2d 1247]; *Isaacs* v. *Jones,* 12 Cal.App.2d 98, 99 [54 P.2d 1123]; *Mercantile Mtg. Co.* v. *Chin Ah Len,* 3 Cal.App.2d 504, 506 [39 P.2d 817].

It is worthy of emphasis that neither *Mines* v. *Superior Court* (nor any of its lineal authority) nor *Lovett* v. *Point Loma Development Corp.* found any *right* of the applicant to appointment of a receiver. Those cases found "jurisdiction in such a proceeding to appoint a receiver" and "power" and "authority to appoint a receiver." Such an appointment will be according to the principles and usages of equity, and the question "is largely one in the discretion of the court." (*Cal. Delta Farms* v. *Chinese Amer. Farms,* 204 Cal. 524, 526 [269 P. 443]; and see *Brown* v. *Memorial Nat. Home Foundation,* 158 Cal.App.2d 448, 456-457 [322 P.2d 600, 72 A.L.R.2d 997] [cert. den., 358 U.S. 943 (3 L.Ed.2d 352, 79 S.Ct. 353)]; *Jay* v. *Clark,* 85 Cal.App.2d 88, 95 [192 P.2d 462]; *Breedlove* v. *Breedlove Excavating Co.,* 56 Cal.App.2d 141, 143 [132 P.2d 239]; *Fox* v. *Flood,* 44 Cal.App. 786, 788 [187 P.68]; see also 65 Am.Jur.2d, Receivers, § 19, p. 873; 75 C.J.S., Receivers, § 16, pp. 679-681.)

■ It is a corollary that, where one's entitlement to a receiver is not otherwise established, a mortgagee or beneficiary of a trust deed may not by stipulation or consent, however manifested, confer jurisdiction upon the superior court to appoint such a receiver. (*Frick* v. *Calmin Mortgage Corp., Ltd.,* 220 Cal. 746, 747-748 [32 P.2d 619]; *A.G. Col Co.* v. *Superior Court,* 196 Cal. 604, 621 [238 P. 926]; *Mines* v. *Superior Court, supra,* 216 Cal. 776, 778; *Elliott* v. *Superior Court,* 168 Cal. 727, 731 [145 P. 101]; *Garretson Investment Co.* v. *Arndt,* 144 Cal. 64, 66 [77 P. 770]; *Baker* v. *Varney,* 129 Cal. 564, 566 [62 P. 100]; *Scott* v. *Hotchkiss,* 115 Cal. 89, 94 [47 P. 45]; *McCutcheon* v. *Superior Court,* 134 Cal.App. 5, 13 [24 P.2d 911]; *Lewis* v. *Shaw,* 77 Cal.App. 99, 102, 103 [246 P. 86]; *First Nat. Bank* v. *Superior Court,* 12 Cal.App. 335, 344 [107 P. 322]; 65 Am.Jur.2d, Receivers, § 129, pp. 958-959; 75 C.J.S., Receivers, § 35, pp. 696-697.)

■ From the foregoing it follows that the superior court of the case at hand had the power and jurisdiction, but was not obliged as a matter of law, to appoint a receiver under Code of Civil Procedure section 564, subdivision 7, according to the usages of equity, and without proof that "the property is probably insufficient to discharge the mortgage debt," as required by subdivision 2. The court erred in its conclusion that such proof was essential, and the cause will be remanded for further consideration in the light of what we here have said.

For the guidance of the superior court upon the continued proceedings, the legal effect of a trust deed's trustor's agreement that in the event of default a receiver might be appointed to collect the hypothecated property's rents and profits, should be clarified.

We observe that, without citation of authority therefor, the state's high court in *Scott* v. *Hotchkiss, supra,* 115 Cal. 89, 94, has stated: "It has been held both here and in other states that the stipulation in the mortgage that a receiver may be appointed and directed to take possession, and collect the rents and profits, *enlarges the rights of the mortgagee*—at least as against the mortgagor." (Italics added.) The case is authority that such a provision as is presently under consideration does have some undetermined legal effect.

Additional authority on the subject is somewhat elusive. We find in American Jurisprudence Second the sparsely supported statement that a "consent to or agreement for appointment of a receiver *may be persuasive* on the question whether a court should appoint a receiver, . . ." (Italics added; 65 Am.Jur.2d, Receivers, § 130, pp. 959-960.) The remaining authority coming to our attention is of the courts of the State of New York. *Fletcher* v. *Krupp,* 35 App.Div. 586 [55 N.Y.S. 146, 147], found a provision of a mortgage, that upon default the mortgagee " 'as a matter of right' " was entitled to appointment of " 'a receiver of the rents, issues, and profits,' " to be *"entitled to consideration and weight upon the application."* (Italics added.) *Rhinelander* v. *Richards,* 184 App.Div. 67 [171 N.Y.S. 436, 437], concluded that where there was such a provision, the mortgagee was *"relieved from the necessity of showing that the property is insufficient, . . ."* (Italics added.) And in the case of *C.B. Keogh Manuf'g Co.* v. *Whiston,* 14 N.Y.S. 344, the court said: "Although a court of equity will not enforce a provision in a mortgage which provides for the appointment of a receiver when, under all the circumstances, it is inequitable to take the property out of the owner's possession pending an action to foreclose the mortgage, *the fact that the parties have agreed that, in case of a default, a receiver shall be appointed, should have weight when an application for a receiver is made."* (Italics added.)

We are of the opinion that the above quoted language of *Scott* v. *Hotchkiss, supra,* 115 Cal. 89, 94—"that the stipulation in the mortgage that a receiver may be appointed . . . *enlarges the rights of the mortgagee"*—has reference to a rule such as has been followed by the courts of the State of New York. That rule is attended by reason, for the express agreement of the mortgagor is an equity that should not

ordinarily be ignored. And from such an agreement it may reasonably be inferred that the mortgagor himself deemed the appointment of a receiver proper.

We therefore hold it to be the law of California that although a trust deed's recital that upon default the beneficiary shall be entitled to the appointment of a receiver is not binding upon the courts, such a recital nevertheless has some evidentiary weight. Ascribing to the recital such evidentiary weight, it reasonably follows that it presents a prima facie, but rebuttable, evidentiary showing of the beneficiary's entitlement to appointment of a receiver.

It is found proper to depart from the terms of the alternative writ. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 169, p. 3933.) The superior court will set aside its order denying the Bank's application for appointment of a receiver, and will take further proceedings not inconsistent with what we have said. The parties will be permitted to amend their pleadings and to make such further evidentiary showing as is available to them and as they may be advised.

Let the peremptory writ of mandate issue accordingly.

Sims, Acting P. J., and Lazarus, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.