RIVERSIDE PROPERTIES, Appellant,

v.

TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Appellee.

No. B2151.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1979.

Rehearing Denied Nov. 7, 1979.

Ben H. Sheppard, Jr., Vinson & Elkins, Houston, James H. DeVries, Frank R. Krok, Thomas J. Smedinghoff, McBride, Baker, Wienke & Schlosser, Chicago, Ill., for appellant.

Howard V. Rose, Walter H. Mizell, Brown, Maroney, Rose, Baker & Barber, Austin, Dan G. Matthews, Fulbright & Jaworski, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

COULSON, Justice.

This appeal is from an interlocutory order appointing a receiver for an apartment project and directing the receiver to collect rent and to make payments to the mortgagee on a secured note pending foreclosure.

Appellee Teachers Insurance and Annuity Association of America (Teachers) is the owner and payee of a promissory note dated March 16, 1971 for the original sum of $2,600,000.00. The promissory note is secured by a recorded deed of trust which provides for monthly payments of principal and fixed interest in the amount of $21,-645.00. Payment of additional contingent interest is governed by a formula set out in the note and deed of trust. An assignment

of leases and rents was executed in favor of Teachers as further security for the note. Paragraph 12 of the deed of trust calling for the appointment of a receiver of the rents and profits in the event an action to foreclose became necessary reads as follows:

That the holder of said Note, in any action to foreclose this Deed of Trust shall be entitled to the appointment of a receiver of the rents and profits of the herein described premises as a matter of right and without notice, with power to collect the rents, issues, and profits of said premises, due and coming due during the pendency of such foreclosure suit, without regard to the value of the premises or the solvency of any person or persons liable for the payment of the indebtedness involved in said suit. The Grantor for itself and any subsequent owner hereby waives any and all defenses to the application for a Receiver as above and hereby specifically consents to such appointment without notice, but nothing herein contained is to be construed to deprive the holder of the lien of any other right, remedy, or privilege it may now have under the law to have a Receiver appointed. The provision for the appointment of a Receiver of the rents and profits and the assignment of such rents and profits is made an express condition upon which the loan hereby secured is made.

Riverside Properties (Riverside) obtained the property by mesne conveyances subject to Teachers' deed of trust and assignment of leases and rents. Riverside then conveyed the property to Barnett Bank of Hollywood (Barnett) reserving an inferior lien securing the payment of an additional note in the sum of $650,000.00. Simultaneously Barnett leased the property back to Riverside.

The $21,645.00 monthly payment for principal and fixed interest was made to Teachers each month through October 1978. In December 1978 Teachers credited the November 1978 payment to contingent interest which Teachers claimed was due for the years 1974 through 1976. No payments of principal, fixed interest or contingent interest were made for December 1978, January, February or March 1979. Teachers declared the note in default and accelerated the payment of the balance in January 1979.

Teachers filed suit seeking judicial foreclosure of its deed of trust. Ancillary to such suit Teachers' application for receiver was heard and granted on February 23, 1979.

Appellant contends that the trial court abused its discretion in appointing a receiver. We disagree.

The applicable statute with regard to the appointment of receivers in Texas is Tex. Rev.Civ.Stat.Ann. art. 2293 (Vernon 1971). Article 2293 reads, in pertinent parts, as follows:

Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

. . . . .

2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured; or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt.

. . . . .

4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity.

Riverside urges that the trial court should not have appointed a receiver when the property was not in danger of being lost, removed or materially injured and the property was sufficient to discharge the mortgage debt. The receivership clause in the deed of trust and the assignment of leases and rents are viewed by appellant as insufficient to justify the appointment of a receiver unless other reasonable grounds necessitating such an appointment are also established.

In appears that there are no reported Texas cases dealing directly with this point. Appellee therefore directs our attention to a California Court of Appeals case, *Barclays Bk. of Cal. v. Super. Ct. for City & Cty. of S. F.*, 69 Cal.App.3d 593, 137 Cal.Rptr. 743 (Ct. App. 1977), involving an almost identical statute and very similar contractual terms. In *Barclays*, as here, no contention was made that the property was probably insufficient to discharge the mortgage debt. Consequently, the *Barclays* court relied on the subdivision of the California statute which tracks our subdivision 4 dealing with the granting of a receiver according to the usages of the court of equity. We agree with the California court that "the express agreement of the mortgagor is an equity that should not ordinarily be ignored." 137 Cal.Rptr. at 748.

The agreement in the deed of trust, that the appointment of a receiver was an appropriate step in the case of default, has evidentiary weight and was appropriately considered by the trial court. Such a recital is not binding on the court but is one of the equities to be considered. The parties entered into an unambiguous writing defining the consequences of a default. The courts must look to that writing as the expression of the parties' intention. *City of Houston v. R.F. Ball Const. Co., Inc.*, 570 S.W.2d 75, 78 (Tex.Civ.App.-Houston [14th Dist.] 1978, writ ref'd n.r.e.). The provisions in the deed of trust and security instruments were adequate for the trial court to order the appointment of a receiver under subsection 4 of article 2293 and the usages of equity.

The appellant's points of error have been duly considered and are overruled.

Affirmed.