[L. A. No. 1457.     Department Two.—July 6, 1904.]

## GARRETSON INVESTMENT COMPANY OF SAN DIEGO, Respondent, v. H. R. ARNDT and FLORA B. ARNDT, Appellants.

MORTGAGE—HUSBAND AND WIFE—NOTE OF HUSBAND—FORECLOSURE— DEFICIENCY JUDGMENT—APPEAL—MODIFICATION.—Where a mortgage was executed by husband and wife to secure the note of the husband, a deficiency judgment rendered upon foreclosure thereof, against both of them, the wife not being personally liable, is erroneous and will be modified upon appeal.

ID.—PLEADING—APPOINTMENT OF RECEIVER—PRESUMPTION AS TO JURIS-
DICTION.—Where there is nothing in the complaint to justify the
appointment of a receiver pending the foreclosure suit, unless it
be a stipulation in the mortgage providing for the appointment
of a receiver on *ex parte* application, which is not alone sufficient
without the necessary showing, it may be presumed in support of
the judgment that the appointment was not made upon the com-
plaint, but upon motion and affidavits showing the necessary facts
to give jurisdiction to the court.

ID.—ORDER TO RECEIVER TO PAY RENTS AND PROFITS ON DEBT—ABSENCE
OF BASIS IN PLEADING—DEFAULT—APPEAL—MODIFICATION.—Where
there is no basis in the allegations or prayer of the complaint
for an adjudication against the right of the defendants to receive
the rents and profits, *pendente lite,* and the defendants had made
default, it was not competent for the court to adjudicate against
that right; and an order directing the receiver to apply the rents
and profits in his hands to the payment of the mortgage debt is
erroneous, and will be modified upon appeal by directing the court
to order them paid over to the defendants.

APPEAL from a judgment of the Superior Court of San
Diego County. N. H. Conklin, Judge.

The facts are stated in the opinion.

Puterbaugh & Puterbaugh, for Appellants.

James E. Wadham, and Daney & Lewis, for Respondent.

SMITH, C.—This is an appeal by the defendants from a
judgment entered against them upon default after demurrer
overruled. The suit was brought to foreclose a mortgage made
by the defendants to secure the payment of the defendant
H. R. Arndt's note to the plaintiff for the sum of six thousand
dollars, etc. The judgment recites the previous appointment
of a receiver in the case, and that his account rendered subse-
quently to the default of the defendant shows a balance in his
hands of $142.30, which, it is adjudged, should be allowed as
a credit on the mortgage. It is further found, or rather in
effect adjudged, that there is now due and owing to the plain-
tiff from the two defendants, after deducting the credit al-
lowed, the sum of $7,526.76, together with three hundred
dollars allowed as attorneys' fees and costs.

The points urged by appellant—or such as require consider-
ation—are: That the judgment imposes on the defendant,

Mrs. Arndt, who was not a party to the note, a personal lia-
bility for the debt, and that the appointment of the receiver
and the appropriation of the funds in his hands to the satis-
faction of the mortgage debt was not warranted either by the
allegations or by the prayer of the complaint.

As to the first of these objections there can be no doubt—in
the event of the proceeds of the sale proving to be insufficient
to satisfy the mortgage—that the plaintiff would be author-
ized by the judgment, as it stands, to enter a deficiency judg-
ment against the defendant, Mrs. Arndt, who is not personally
liable. (Code Civ. Proc., sec. 726.) Nor is it any answer to
this objection for respondent to say that he may not, or even
that he will not, avail himself of this power. The judgment
should therefore be modified in this regard.

The other objection involves, in fact, two propositions: The
one relating to the jurisdiction of the court to appoint a re-
ceiver, pending the suit; the other, to the appropriation of
the money in his hands to the satisfaction of the debt. With
regard to the former it is assumed in the argument of the ap-
pellants' counsel, that the order appointing a receiver was
made on the complaint; in which, in fact, there is nothing to
justify the appointment, unless it be a stipulation in the mort-
gage providing for the appointment of a receiver on *ex parte*
application; and on this assumption it would be necessary to
sustain the appellants' contention. (*Baker* v. *Varney,* 129
Cal. 564;[1] *Scott* v. *Hotchkiss,* 115 Cal. 94.) But in support of
the judgment, it may perhaps be presumed that the order for
the receiver was not made upon the complaint, but afterwards
on motion, and on affidavits showing the necessary facts to
give jurisdiction to the court; and, accordingly (for the pur-
poses of the decision), it will be so assumed. It does not fol-
low, however, from this assumption, that the money in the
hands of the receiver could be rightly applied to the satisfac-
tion of the mortgage debt; and I am of the opinion, on the
record before us, that it could not. For the title of the defend-
ants to the rents and profits was in no way affected by the
possession of the receiver (*Von Roun* v. *Superior Court,* 58
Cal. 360; *Skip* v. *Harwood,* 3 Atk. 564, 565; Beach on Re-
ceivers, secs. 3, 6); nor could they be divested of it otherwise
than by a valid adjudication; and in this case there is neither

[1] 79 Am. St. Rep. 140.

any allegation (as there was in *Scott* v. *Hotchkiss,* 115 Cal. 94) nor prayer to justify such an adjudication. Nor, the defendants being in default, was it competent for the court so to adjudge. (Code Civ. Proc., sec. 580; *Brooks* v. *Forington,* 117 Cal. 219; *Foley* v. *Foley,* 120 Cal. 42, 43;[1] *Staacke* v. *Bell,* 125 Cal. 312 et seq.) The case, it may be added (though it is hardly necessary), differs essentially from that of property taken under attachment; where the law itself provides that it shall be disposed of by the officer to satisfy the judgment (Code Civ. Proc., sec. 541); and where, consequently, no adjudication with regard to it is necessary. While in the case of the receiver there is no such provision; nor, indeed, is there any personal liability on the mortgagors, with regard to this or other property, until the exhaustion of "the primary fund out of which the mortgage debt must be paid." (*Woodward* v. *Brown,* 119 Cal. 291.[2]) The court, therefore, was not justified in granting this relief, or in otherwise disposing of this money in the hands of the receiver than by directing it to be paid over to the defendants; and the judgment should, therefore, be modified in this respect also.

We advise that the cause be remanded, with directions to the lower court to modify the judgment as indicated in this opinion, and that when thus modified the judgment shall stand affirmed.

Gray, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to the lower court to modify the judgment as indicated in this opinion; and that when thus modified the judgment shall stand affirmed.

McFarland, J., Henshaw, J., Lorigan, J.

[1] 65 Am. St. Rep. 147.          [2] 63 Am. St. Rep. 108.