[Civ. No. 6772. First Appellate District, Division One.—July 10, 1929.]

W. J. MORGAN, Respondent, v. RICHARD E. CALLA-HAN et al., Appellants.

Nelson & Nelson for Appellants.

H. L. McAllister for Respondent.

THE COURT.—This action is one to recover sums aggregating $4,532.87 loaned by the plaintiff to the Radio-Therapy Corporation, a Nevada corporation. To evidence portions of the amount loaned two promissory notes were executed to the plaintiff on behalf of the corporation; the first, for $2,500, executed by defendant Richard E. Callahan and C. R. Gailfres as its president and secretary, respectively, and the second, for $1,771.11, by Richard E. Callahan as president, and Miriam A. Callahan as its secretary, no note being executed for the balance of the loan. As se-

curity for the several notes two chattel mortgages were executed by the same officers of the corporation, neither of which contained a covenant to pay the debt. In the mortgage securing the first note defendant Mathilde P. Callahan joined with the corporation as a mortgagor. The plaintiff, as grounds for recovery, alleged that the loans were made at the request of defendants Callahan, and were induced by the false and fraudulent representations of Richard E. Callahan, the president of the corporations, as to his own financial condition and that of the corporation, which the plaintiff believed and upon which he relied in making the loans; that contrary to his agreement to use these sums to reorganize the corporation under the laws of California Callahan diverted the same to other corporate purposes; that the latter, in addition to this agreement, promised to issue to the plaintiff certain stock of the new corporation, neither of which promises did he perform or intend to perform when the same were made, and further that the plaintiff had given notice of rescission upon the above grounds.

The court found in accordance with the complaint and that the plaintiff had promptly rescinded. Judgment was entered against the defendants for the amounts loaned with interest, from which they appeal.

They contend that the findings are unsupported, and that the conclusions of the trial court thereon are against law.

As to defendants corporation and Richard E. Callahan it will be sufficient to say that a careful reading of the evidence shows the findings as to the acts and representations of the latter to be fully supported, and a review thereof would answer no useful purpose.

As to defendant Mathilde P. Callahan, however, a different situation is presented. So far as shown, she had no interest in the corporation, nor does it appear that her husband, Richard E. Callahan, represented her in any of the transactions with the plaintiff. Furthermore, the record wholly fails to disclose any evidence that she met or conversed with the plaintiff previous to the making of the loans, nor was it shown that she had any interest in the mortgaged property, the only reason for her signing the mortgage being, as testified by the plaintiff, that he specially requested it. The object of the request does not appear, but it is clear that no part of the money was received by her and

it is not contended that she derived a benefit from the transaction.

█ It is well settled that a mortgagor of real or personal property does not become liable for the debt secured in the absence of a promise to pay the same. (Civ. Code, secs. 2890, 2928; *Garretson Inv. Co.* v. *Arndt,* 144 Cal. 64 [77 Pac. 770].) █ The corporation, however, failed to file a copy of its articles with the Secretary of State of California; and respondent contends that a section of the statute in effect at the time of the transaction—which provided that "in addition to the penalty herein provided every contract made by or on behalf of such foreign corporation affecting the personal liability thereof or relating to property within the state shall be held void on its behalf and on behalf of its assigns, but shall be enforceable against it or them" (Stats. 1915, p. 422, sec. 1, as amended, Stats. 1923, p. 1034) makes the obligation of the corporation enforceable against Mrs. Callahan.

We find no merit in this contention, as no contract was made by her on its behalf nor did she by any act represent the corporation, her only connection with the transaction being to mortgage her interest, if any, in the property described as security for its obligation, no part of which did she agree to perform.

For the above reasons the judgment as to defendants Richard E. Callahan and Radio-Therapy Corporation, a corporation, is affirmed and as to defendant Mathilde P. Callahan it is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 9, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 3, 1929.

All the Justices present concurred.