[Sac. No. 4636.  In Bank.—August 8, 1933.]

AMERICAN SECURITIES COMPANY (a Corporation) et al., Respondents, v. MAURITS CAREL CONSTANTYN van LOBEN SELS et al., Appellants.

George M. Naus and Hubert Wyckoff, Jr., for Appellants.

Brobeck, Phleger & Harrison and Downey, Brand & Seymour for Respondents.

THOMPSON, J.—This is an appeal from a final judgment in an action for the specific performance of the terms of trust deeds. The facts essential to an understanding of the contentions of appellants are as follows: On March 1, 1923, P. J. van Loben Sels executed his promissory note for $600,000 to the Mercantile Trust Company of California and to secure the same, and such additional advances as might be made, executed a trust deed covering 4,000 acres or more of land situated in the counties of Sacramento, Yolo and Colusa. The name of the Mercantile Trust Company was subsequently changed to American Trust Company, and the American Securities Company was substituted as

trustee. Advances were made until on February 14, 1928, the total sum secured by the deed of trust was $1,194,108.92. However, on March 3, 1927, P. J. van Loben Sels died and the real property mentioned, subject to the deed of trust, was distributed by a decree for that purpose to the appellant, Maurits Carel Constantyn van Loben Sels, who, together with his wife, on February 14, 1928, executed a new note for the above-mentioned sum of $1,194,108.92 in favor of the American Trust Company, and secured it, and such further advances as might be made, by a trust deed in which the American Securities Company was named as trustee. This deed of trust expressly recognized the one executed in 1923 and recited that it was not in anywise to be considered as payment of the indebtedness secured thereby or as releasing the same. It further provided that the defendants and appellants should not be personally liable for the indebtedness. Further advances were made until the total sum amounted to $1,646,864.97. Both deeds of trust contained the following: "The trustee, its successors or assigns, may at any time, at its option, commence and maintain suit in any court of competent jurisdiction and obtain the aid and direction of said court in the execution by it of the trusts, or any of them herein expressed or contained, and may in such suit obtain orders or decrees, interlocutory or final, of said court directing the execution of said trusts." Both trust indentures contained provisions that in the event of default the trustee might either by itself or by a receiver appointed for the purpose take possession of the premises and perform such acts of repair or cultivation as might be necessary or proper to conserve the value thereof, and to collect and receive the income therefrom. In the second deed of trust there was also a provision authorizing the same to be foreclosed, at the option of the trustee, as a mortgage and also empowering the trustee to "use, operate, manage and control said property and conduct the business thereon".

On February 10, 1931, this action was commenced, alleging the execution of the notes and deeds of trust, the accrued indebtedness, the default of the defendants, the provisions for taking possession by a receiver to cultivate and conserve the property and to collect and receive the income, the fact that defendants were released from personal

liability; that the value of the property was less than $1,000,000; that the property was in immediate need of cultivation, such as the spraying of the pear trees, the plowing and preparation of the soil for annual crops, the care of an asparagus crop growing thereon, and attention to the drainage ditches; and that defendant Maurits van Loben Sels had failed and refused and was without means to properly care for the same. Plaintiffs asked for decree for the specific performance of the provisions of the deeds of trust; that a receiver be appointed to conserve the property and the rents, issues and profits thereof; and that defendants be restrained from interfering with any of the rights conferred upon plaintiff. Based upon this complaint and two affidavits which averred that the entire property was worth not more than $1,000,000 and that it was in immediate need of care and cultivation in order that it might produce the normal amount of crops, the court made its order *ex parte* appointing a receiver. Subsequently the defendants made a motion to vacate the last-named order, which motion was heard on May 4, 1931, and denied June 13, 1931. At the hearing the appellant Maurits van Loben Sels testified that only about 150 or 175 acres were devoted to orchard, of which four-fifths or thereabouts was set to pears all accessible from the county highway. Otherwise the motion was submitted upon the complaint, the two affidavits, and the argument of counsel. No appeal was taken from the order appointing the receiver nor was one attempted to be taken from the order declining to vacate the order appointing the receiver. Judgment was allowed to go by default and was entered July 28, 1931.

The appellants' attack upon the judgment really amounts to an assertion that the court was without jurisdiction to appoint a receiver, because the action is one at law, in ejectment, rather than one in equity. We might yield greater space to a discussion of the contention, but for the fact that recently we decided the case of *Mines* v. *Superior Court*, 216 Cal. 776 [16 Pac. (2d) 732], in which case we concluded that an action the same as the one now before us was equitable in character and that the appointment of a receiver was within the power of the court. The opinion therein concludes appellants' argument here.

The respondents contend that appellants are not entitled to have reviewed the order appointing the receiver or the order refusing to vacate the first-named order in this appeal from the judgment, because the first order is an appealable one under section 963 of the Code of Civil Procedure, and that the record discloses that appellants had notice of it immediately after it was made at the time when they surrendered possession of the property to the receiver in deference to the order.. We must agree that there is much merit in respondents' position, but inasmuch as the appeal is properly before us we may dispose of it upon the ground already mentioned, without deciding the question raised by respondents, which is not entirely free from doubt.

Judgment affirmed.

Preston, J., Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.