[Civ. No. 5398. Third Appellate District.—April 16, 1936.]

AMERICAN SECURITIES COMPANY (a Corporation) et al., Respondents, v. MAURITS CAREL CONSTANTYN VAN LOBEN SELS et al., Appellants.

Herbert C. Wyckoff, Jr., and George M. Maus for Appellants.

Brobeck, Phleger & Harrison and Downey, Brand & Seymour for Respondents.

DEIRUP, J., *pro tem.*—In 1923, P. J. van Loben Sels delivered to the plaintiff, American Trust Company (then named Mercantile Trust Company), a promissory note for $600,000, and to secure the payment of the note and further advances, he executed to the Mercantile Securities Company, as trustee, and the plaintiff trust company, as beneficiary, a deed of trust covering several thousand acres of land. Thereafter, the plaintiff, American Securities Company, was substituted as trustee. The trustor died and the land was distributed to his son, defendant herein, subject to the deed of trust. In 1928, when the indebtedness had increased to $1,194,108.92, the defendants executed a new note and deed of trust. The latter trust deed contained the usual provisions, with additional stipulations to the effect that the

original deed of trust remained in force; that the defendants should not be personally liable for a deficiency; and that in the event of default, the plaintiff-trustee, upon the demand of the plaintiff-beneficiary, should be entitled to take possession of the property, and manage and operate it and apply the income to the indebtedness in the same manner in which the proceeds of the property should be applied. The first trust deed also gave the right to take possession and collect and apply the income in the event of default.

In January, 1931, the defendants being in default, the plaintiff-trustee recorded notice of breach and election to sell, and demanded possession. Upon the refusal of the defendants to surrender possession, the plaintiffs brought this action to enforce the provisions of the trust deed in so far as they related to the possession of the property, and asked for the appointment of a receiver. The court, by an *ex parte* order, appointed a receiver on February 10, 1931. He farmed the land until July 3, 1931, then surrendered possession to the purchaser at a trustee's sale, the plaintiffs having proceeded with the extrajudicial foreclosure of the deeds of trust.

The defendants did not answer the complaint. They appeared specially, however, and made a motion to vacate the order appointing the receiver. That motion was denied. Judgment was entered by default on July 28, 1931. The court decreed that the plaintiffs were entitled to the possession of the land, and reserved jurisdiction to settle the accounts of the receiver. From that judgment the defendants appealed, but the judgment was affirmed (*American Securities Co.* v. *van Loben Sels,* 218 Cal. 662 [24 Pac. (2d) 499, 500]), for the following reason, as stated in the opinion:

"The appellants' attack upon the judgment really amounts to an assertion that the court was without jurisdiction to appoint a receiver, because the action is one at law, in ejectment, rather than one in equity. We might yield greater space to a discussion of the contention, but for the fact that recently we decided the case of *Mines* v. *Superior Court,* 216 Cal. 776 [16 Pac. (2d) 732]; in which case we concluded that an action the same as the one now before us was equitable in character and that the appointment of a receiver was within the power of the court. The opinion therein concludes appellants' argument here."

The accounts of the receiver showed that he had on hand, as net profits from the operation of the properties, approximately $14,000. The defendants filed objections, but were not permitted by the trial court to introduce evidence in support of them upon the ground that they were not parties in interest. From the order settling the accounts the defendants have appealed upon the theory that the original judgment did not become final until the accounts were settled, jurisdiction having been reserved for that purpose.

The defendants claim title to the funds in the hands of the receiver. If they have title thereto, they are affected by the correctness of the accounts; but if the funds belong to the plaintiffs, the defendants have not, under the facts of this case, any concern with the specific amount in the receiver's hands. After the sale under the deeds of trust, there remained an unpaid balance, or deficiency, of about $450,000, a sum far in excess of any sum for which the receiver could be held accountable. There cannot be any balance payable to the defendants after the application of the fund to the debt, and the extent of the credit is of no moment to the defendants, for the reason that they are not personally liable for any part of the deficiency.

It is conceded that the proceeds of all crops which had been severed by the defendants before the receiver took possession, belonged to them, notwithstanding the provision in the trust deeds to the effect that the trustee was entitled to the rents, issues and profits in the event of default. (*Bank of America Nat. T. & S. Assn.* v. *Bank of Amador County,* 135 Cal. App. 714 [28 Pac. (2d) 86].) Their right to the proceeds of such crops was recognized by the receiver; he paid to them all moneys received by him from the sale of such crops. It is conceded also that in view of the provisions contained in the trust deeds, the plaintiffs had the right to have a receiver appointed and to have the income applied to the debt. In short, the allegations of the complaint, admitted as they were by the default of the defendants, fully support the decree that the funds in the hands of the receiver be paid to the plaintiffs. But the defendants contend that the plaintiffs are not entitled to those funds for the sole reason that (they assert) the application of those proceeds to the debt was not specifically prayed for in the complaint.

██ Defendants rely upon a legal principle which is beyond dispute. Where, as here, judgment is taken by default, no relief can be granted in excess of that prayed for. Even though the allegations of the complaint would support a judgment for additional relief, and general relief is asked for, the judgment cannot exceed the specific prayer of the complaint. (Code Civ. Proc., sec. 580; *Staacke* v. *Bell*, 125 Cal. 309 [57 Pac. 1012]; *Metropolitan Life Ins. Co.* v. *Welch*, 202 Cal. 312 [260 Pac. 545]; *Von der Kuhlen* v. *Hegel*, 51 Cal. App. 416 [196 Pac. 913].)

██ To determine whether the foregoing principle is controlling here, it is necessary to examine the complaint somewhat in detail.

Both of the trust deeds are set out in the complaint, and each of them gives to the trustee the right of possession in the event of default. That provision in the second trust deed reads as follows:

"If default be made in the performance of any of the terms hereof, or in the payment of any indebtedness secured thereby, the trustee, upon request of the bank, may, at its option, forthwith enter upon the premises without the necessity of bringing any action or instituting any legal proceeding, and exclude the grantors therefrom, and use, operate, manage and control said property, and conduct the business thereon, and perform such acts of repair or cultivation as may be necessary or proper to conserve the value thereof, and collect and receive the income therefrom, and apply the same as hereinbefore specified with respect to proceeds of sale of said premises."

The prayer of the complaint is:

"1. That a receiver be appointed of all said real property, with power to take possession thereof, and to do and perform all acts of repair and cultivation as may be necessary or proper to conserve the value thereof, and to collect and receive the rents, issues and profits thereof, to execute leases of any part of said property, to receive and collect the earnings, revenue, rents, issues, profits and income from said property, to pay all taxes, assessments, insurance and other proper charges against said property, or any part thereof, to purchase and pay for all needed materials and supplies, to employ, compensate and discharge, from time to time, all necessary employees, to issue receiver's certificates for neces-

sities, and with such other powers as may be appropriate in the premises.

"2. That a decree be entered for the specific performance by the defendants of the provisions in said deed of trust with respect to the delivery of the possession of said premises to the plaintiff, American Securities Company.

"3. That the defendants be restrained from interfering with the exercise by the plaintiffs of any of the rights conferred upon them by said deed of trust; and

"4. For such other relief as may be meet and proper in the premises, and for their costs herein incurred."

The order appointing the receiver provided that: "said receiver shall take possession of all of the real property of which he is hereby appointed receiver, and that said receiver shall have power to receive and collect the earnings, revenues, rents, issues, profits and income of said property; . . . to apply the rents, issues and profits of said real property in the manner specified in said deeds of trust in regard to the proceeds of a sale of said property thereunder".

In its judgment the court decreed that the plaintiff, American Securities Company, was entitled to the possession of the real property, and that the defendants deliver possession to the said plaintiff and be "perpetually enjoined and restrained from interfering in any manner with the exercise by the plaintiffs, or either of them, of any of the rights conferred upon plaintiffs, or either of them, by the deeds of trust described in the complaint"; and that the receiver hold all moneys and property subject to the further order of the court, "which hereby reserves power and jurisdiction to settle his accounts as such receiver, and otherwise to direct him in the performance of his duties and the closing of his trust". Pursuant to said reservation of power the court entered a decree on January 8, 1934, in which it settled the accounts of the receiver, allowed compensation to him and his attorney, and ordered him "to pay and deliver all property in his possession to the plaintiff, American Securities Company, to be applied in the manner specified in said deeds of trust in regard to the proceeds of a sale thereunder of the real property therein described".

It will be noted that the prayer of the complaint does not, in so many words, ask that the net income of the property be applied upon the debt. Counsel for the defendants have

proceeded upon the theory that the plaintiffs asked merely for the possession of the property, and that the judgment was in excess of the prayer of the complaint in that it gave to them the net income, also. But it is as true that the complaint does not ask for the possession as it is that it does not pray for the net income. What is sought in the complaint is "the specific performance by the defendants of the provisions in said deed of trust with respect to the delivery of the possession of said premises to the plaintiff", and an order restraining the defendants from interfering with the exercise by the plaintiffs of any rights conferred by the trust deed. Thus, the plaintiffs incorporated into the prayer itself, as clearly as if they had set them forth therein, all of the provisions of the trust deed that had to do with the possession of the property. The provisions so incorporated by reference included the taking of physical possession, the management of the property, the collection of the income, and the application of the income to the debt. Thus, the defendants were as fully advised of the specific relief sought by the complaint as they were of the description of the property involved. Although they were referred to the copy of the trust deed which was attached to the complaint for the provisions relating to possession as well as for the description of the property, the prayer fully gave them notice of the specific relief sought.

True, the prayer does not ask that the receiver apply the income to the debt. The application of the proceeds could not be made until the further order of the court after it had determined the issue whether the plaintiff-trustee was in fact entitled to possession and that the income should be applied to the debt. The appointment of the receiver was an ancillary remedy. It did not determine the rights of the parties; it merely transferred to the court the possession of the property in order to enable the court to give to the plaintiffs the benefit of that possession in the event that they should prove that they were entitled to it at the time of the filing of the complaint, as they alleged. Only through a receiver could the immediate right to the income be enforced; without one, the defendants, remaining in possession, would have had title to the crops and the income therefrom. Counsel for defendants rely upon decisions to the effect that in an action for the specific enforcement of a contract, the plaintiff cannot be given judgment for damages for the withhold-

ing of possession if such damages are not prayed for. (*Abbott* v. *76 Land & Water Co.,* 161 Cal. 42 [118 Pac. 425] ; *Chase* v. *Blair,* 105 Cal. App. 744 [288 Pac. 681].) The distinction between those cases and this one is obvious. In them, the plaintiff sought specific performance of a contract. He was entitled to a judgment for the rental value of the property (not the income thereof), if he prevailed, and if he failed to ask for it, the court could not grant him that relief. Plaintiffs could, perhaps, in this case, have asked for possession and for the rental value, but instead of asking for a judgment for the rental value, they sought the appointment of a receiver to collect the income—a type of remedy to which they were entitled under the allegations of the complaint. (*Mines* v. *Superior Court,* 216 Cal. 776 [16 Pac. (2d) 732].) His appointment was sought to make effective that remedy. (*French Bank Case,* 53 Cal. 495; 22 Cal. Jur. 432, 433.) The decree of the trial court operated upon the parties and the subject-matter as they stood at the commencement of the action, there being no change in the status of the parties, and no rights having intervened. (*Cullinan* v. *Mercantile Trust Co.,* 80 Cal. App. 377 [252 Pac. 647; 21 C. J. 663.)

Counsel for defendants rely upon the case of *Garretson Investment Co.* v. *Arndt,* 144 Cal. 64 [77 Pac. 770]. In that case the plaintiff had prayed for the foreclosure of a mortgage and for the appointment of a receiver. A receiver was appointed. He had in his hands a very small sum of money, which the court ordered paid to the plaintiff. On appeal the decree was modified to the extent that the money in the hands of the receiver was directed to be paid to the defendant, for the reason that judgment was entered by default, and the payment of the net income to the plaintiff was not prayed for. Counsel for plaintiffs point out distinctions between that case and this, but it is not necessary to discuss them here for the reason that, as we have pointed out, the plaintiffs in this case did ask that the net income be applied to the debt.

Plaintiffs contend that the issues now before the court were concluded by the former appeal. That appeal raised the question whether in an action of this nature the trial court had jurisdiction to appoint a receiver. The Supreme Court held that it had such jurisdiction. Plaintiffs contend that the title to the rents, issues and profits in the hands of the receiver

could have been, and, therefore, should have been determined on that appeal.

Defendants answer that the question of the title to the income was reserved by the court in its first judgment, and could not have been raised on appeal until it was determined in the final judgment, from which this appeal is taken. While we are inclined to think that the contention of the defendants is correct, it is not necessary to decide the question, in view of the conclusion we have reached with respect to the merits of the appeal.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1936.