[Civ. No. 26449.   Second Dist., Div. Two.   Mar. 27, 1963.]

UNIVERSAL C.I.T. CREDIT CORPORATION, Plaintiff and Appellant, v. FORREST RATER, Defendant and Respondent.

Getz, Aikens, Manning & Murphy and George Baltaxe for Plaintiff and Appellant.

Hampton Hutton for Defendant and Respondent.

FOX, P. J.—In this action, through the ancillary remedy

of claim and delivery, plaintiff sought to recover possession of two motor vehicles from defendant Rater. Plaintiff is the assignee and owner of a conditional sales contract between defendant Hill, the registered owner of said vehicles, and one Walter Burge Ford. Defendant Hill had turned these motor vehicles over to defendant Rater, who operates the J & R Garage, for the purpose of having certain repairs made on said vehicles.

Rater made repairs on said vehicles, totalling $1,150.42, for which he claimed a lien (see Civ. Code, §3068, subd. (a)). These repairs were made without notification to and prior consent of the plaintiff (see Civ. Code, § 3068, subd. (b)).[1] Plaintiff tendered to Rater the sum of $200, pursuant to the provisions of said section. The tender was rejected by Rater as being insufficient. Plaintiff did not thereafter deposit in the name of the creditor said amount with any bank and give notice thereof to defendant Rater under the provisions of section 1500, Civil Code.[2] The sheriff, under the claim and delivery proceedings, seized the vehicles.

Defendant Hill was behind in his payments on the conditional sales contract. He did not file any answer with the result that a default judgment for possession only of these vehicles was rendered against him. Defendant Rater filed an answer, including a counterclaim in which he sought to recover the $200 previously tendered to him by plaintiff but which he had rejected. The trial court gave judgment in favor of Rater in this amount. It is from this judgment that plaintiff appeals.

Defendant Rater concedes that his rejection of plaintiff's tender of the $200 extinguished his lien. He argues, how-

---

[1] The relevant provisions of section 3068, Civil Code, are:

"(a) Every person has a lien dependent upon possession for the compensation to which he is legally entitled for making repairs or performing labor upon, . . . any vehicle of a type subject to registration under the Vehicle Code, subject to the limitations set forth in this chapter.

"(b) That portion of the lien in excess of two hundred dollars ($200), for any work or services rendered or performed at the request of any person other than the holder of the legal title, is invalid, unless prior to commencing any such work or service the person claiming the lien gives actual notice in writing either by personal service or by registered letter addressed to the legal owner named in the registration certificate, and the consent of the holder of the legal title is obtained before any such work or services are performed."

[2] Section 1500, Civil Code, reads: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this State, of good repute, and notice thereof is given to the creditor."

ever, that although the lien was discharged, the debt remained and that he was entitled to enforce its collection from plaintiff.

The basic question here is: Does plaintiff owe Rater $200? An analysis of the relationship between plaintiff and Rater, and the manner in which the repair work in question was ordered, will assist in answering this question. ██ Plaintiff is the legal owner of the vehicles in question. Defendant Hill, against whom a default judgment for possession was taken, was the registered owner. Hill ordered the work done. Plaintiff in no way authorized said work. There was, therefore, no privity of contract between plaintiff and defendant Rater. Hence there was no underlying obligation between plaintiff and Rater. As between them there was only the lien which was imposed by law. But Rater no longer had such lien since it was admittedly extinguished by his rejection of plaintiff's tender of $200. Undoubtedly the vehicles were benefited by the repairs. But this alone does not lay any foundation for recovery for the reasonable value thereof by Rater against plaintiff for it is clear that this work was done without any request, authorization or approval thereof by plaintiff. In the absence of some contractual relationship between plaintiff and Rater, there can be no obligation on the part of plaintiff to pay Rater the sum here involved. (See *Morgan* v. *Callahan,* 99 Cal.App. 756, 758 [279 P. 487].) And the creation of the lien does not impose any duty on plaintiff by implication to pay the amount represented by the lien for section 2890, Civil Code, provides that "The creation of a lien does not of itself imply that any person is bound to perform the act for which the lien is a security."

Defendant's reliance on *Leet* v. *Armbruster,* 143 Cal. 663 [77 P. 653], and *Haile* v. *Smith,* 113 Cal. 656 [45 P. 872], is misplaced. In each of these cases there was an underlying debt. In refusing to accept a valid tender, the creditor lost "all collateral benefits and securities." But the debtor still owed the obligation. Here the statute has simply given the repairer a security for his work up to a certain amount, absent notice to and consent of the owner. It does not undertake to make the owner a debtor of the repairman. Hence, when the repairman lost his lien which was a security, he has no further claim against the owner.

The judgment in favor of defendant Rater on his counterclaim is reversed with directions to the trial court to enter judgment on said counterclaim in favor of plaintiff.

Ashburn, J., and Herndon, J., concurred.